**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John Davis LIPPHARDT, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 18, 2003.

Filed Jan. 12, 2004.

Michael Handler, Asst. Dist. Atty., Indiana, for Com., appellant.

Thomas Rivosecchi, Indiana, for appellee.

BEFORE: LALLY–GREEN, TODD and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 The Commonwealth appeals from the December 16, 2002 judgment of sentence, specifically challenging the December 16, 2002 Order declining to designate appellee as a Sexually Violent Predator (SVP), under Section 9792 of the Registration of Sexual Offenders Act, commonly known as Megan's Law II.[1]

¶ 2 On May 13, 2002, appellee pled guilty to a charge of aggravated indecent assault[2] stemming from an incident in which the victim awoke at 2:00 a.m. to find appellee had entered her apartment and was standing at her bed, inserting his fingers into her vagina. The Commonwealth filed a praecipe to designate appellee an SVP. Following the dictates of Megan's Law, the trial court ordered that the State Sexual Offenders Assessment Board (the Board) assess appellee to determine whether he should be classified as an SVP. The Board submitted its report to the Commonwealth and a hearing was scheduled prior to sentencing. The only witness to testify at the hearing was a member of the Board, Herbert Hayes. Hayes testified, *inter alia*, appellee met the SVP criteria as set forth in Megan's Law II. N.T., 12/12/02, at 52. The trial court, however, declined to designate appellee an SVP.

¶ 3 The appellee was sentenced to four and one-half (4–½) to ten (10) years of incarceration. On December 20, 2002, the Commonwealth filed a motion to modify

---

1. 42 Pa.C.S.A. §§ 9791 *et seq.*

2. 18 Pa.C.S.A. § 3125.

sentence contending the lower court committed an error of law and/or abused its discretion in finding the Commonwealth failed to prove by clear and convincing evidence that appellee met the SVP criteria. On December 27, 2002, the trial court denied the motion. This timely appeal followed.

¶ 4 The Commonwealth raises one issue for our review.

Did the lower court commit an error of law in not finding that the Commonwealth had proved by clear and convincing evidence that Defendant met the criteria of a sexually violent predator under the amended version of Pennsylvania's Megan's Law?

Appellant's brief at 4.

■ ¶ 5 Before addressing the merits of the Commonwealth's appeal, we first consider whether the Commonwealth has the right to appeal this Order. Prior to the May 2000 amendments, Megan's Law Section 9779.4, **Sexually violent predators,** (e), **Appeal by Commonwealth,** explicitly provided the Commonwealth a right to appeal the sentencing court's refusal to apply the section where it was applicable. The amendments deleted this provision. We find, however, the Commonwealth has a right to appeal an Order declining to designate a defendant as an SVP.

¶ 6 Rule 341, **Final Orders; Generally,** (e) **Criminal Orders,** of the Pennsylvania Rules of Appellate Procedure provides

An appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law.

■ ¶ 7 Further, as this Court has observed

Where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended. In various situations where appellate review would not subject the defendant to a second trial, this Court has held that an order favoring the defendant could constitutionally be appealed by the Government.

*Commonwealth v. Feathers,* 442 Pa.Super. 490, 660 A.2d 90, 93 (1995).

¶ 8 A Commonwealth appeal of a trial court's denial of SVP status could not subject a defendant to multiple punishments since our Supreme Court in *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003), determined the registration, notification, and counseling provisions of Megan's Law II were not punitive.[3] It would also not subject a defendant to successive prosecutions. Accordingly, we conclude the Commonwealth has a right to appeal an Order declining to designate a defendant an SVP under Megan's Law II.

■ ¶ 9 With regard to the merits of the appeal, the Commonwealth specifically contends the trial court declined to adjudicate appellee a sexually violent predator because this was his first conviction for a sexual offense. It claims the trial court improperly interpreted the definition of sexually violent predator such that predatory behavior cannot be shown solely by the offense which triggered the SVP evaluation but rather requires a prior history of sexual offenses.

¶ 10 Megan's Law II Section 9792, **Definitions,** defines "Sexually violent predator" as

A person who has been convicted of a sexually violent offense as set forth in

---

3. In *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003), our Supreme Court found the penalties imposed for an offender's non-compliance with the registration and verification procedures of Megan's Law II, were unconstitutionally punitive, but severable. *Id.,* at 985–986.

section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that *makes the person likely to engage in predatory sexually violent offenses* . . .

(emphasis supplied.) It is the italicized portion of the SVP definition which the Commonwealth contends the trial court misinterpreted. Because this issue involves a purely legal question involving the interpretation of a statute, we review for an error of law. *Commonwealth v. Manera,* 827 A.2d 482, 484 (Pa.Super.2003).

¶ 11 The trial court began its analysis by considering all of the factors as listed in Megan's Law II, Section 9795.4, **Assessments**, (b), **Assessment**, which the Board is to consider in its assessment of the defendant.[4] *See,* N.T. 103–105. Among those factors is the defendant's prior criminal record. Section 9795.4(b)(2)(i). The trial court stressed appellee has a significant non-sexual criminal history coupled with the instant, single sexual act.

¶ 12 The trial court then noted it felt constrained by the language of our decision in *Commonwealth v. Krouse,* 799 A.2d 835, 842 (Pa.Super.2002), in which we stated

We are cognizant, however, of the fact that the SVP classification does not automatically apply to an individual convicted of a sexual offense or even to individuals who have molested a child. Rather, the SVP classification has been specifically limited by the legislature to those offenders who have a "mental abnormality or personality disorder that makes them more likely to engage in predatory sexually violent offenses . . ."

4. These factors are listed *infra*.

*See,* N.T. at 106–108. The trial court properly refused to designate appellee an SVP based solely upon his conviction for the instant offense.

¶ 13 The trial court also considered the factors the testifying Board member articulated which in his opinion, created a risk of recidivism, specifically appellee's age, the fact that the victim was a stranger to appellee, as well as appellee's diagnosis of anti-social personality disorder. It found, however, that the Commonwealth failed to prove by clear and convincing evidence, as it is required to do, that appellee should be designated an SVP. N.T. at 107.

¶ 14 We disagree with the Commonwealth that the trial court read into the SVP definition a requirement that the defendant have a prior history of sexual offenses. Rather, we conclude the trial court properly considered appellee's criminal history, a factor set forth in Megan's Law Section 9795.4(b)(2), and noted it was non-sexual in nature. In *Krouse,* we found it was proper for the trial court to include on the record its reasons for finding the defendant to be an SVP in relation to the statutory factors. *Krouse, supra,* at 843. It is likewise appropriate for the trial court to do so when it declines to designate the defendant as such.

¶ 15 We also find the trial court acted properly in following the law as we set forth in *Krouse,* i.e. the SVP classification does not automatically apply to an individual convicted of a sexual offense. We also stress that although the trial court found the testifying Board member to be credible, *see* N.T. at 105, that does not necessarily lead to the conclusion that the Commonwealth has proved by clear and convincing evidence all the elements of an SVP classification, as required by Section 9795.4, **Assessments**, (e) **Hearing**, (3).

*See, Krouse,* at 840. Rather, the Commonwealth must prove by clear and convincing evidence that *the defendant has a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses. See Krouse; See also,* Section 9792, **Definitions**, "Sexually violent predator," and Section 9795.4, **Assessments**, (e) **Hearing**, (3). The Commonwealth insists it sufficiently proved appellee met the definition of a sexually violent predatory based solely on the testimony of its expert witness.[5] The trial court found the Commonwealth had not met this burden. We now review this finding.

A challenge to the sufficiency of the evidence is a question of law requiring a plenary scope of review. The appropriate standard of review regarding the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to ... the verdict winner, is sufficient to support all the elements of the offenses. As a reviewing court, we may not weigh the evidence and substitute our judgment for that of the fact-finder. Furthermore, a fact-finder is free to believe all, part or none of the evidence presented.

*Krouse,* at 838–839 (citations omitted).

¶ 16 "At the hearing prior to sentencing the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator."[6] Section 9795.4(e)(3). Accordingly, in reviewing the sufficiency of the evidence regarding the denial of SVP status, we will reverse the trial court only if the Commonwealth has presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute is satisfied. Where, as here, the trial court has provided specific findings of fact, we will review the record to determine whether the record supports the findings of fact and then review the legal conclusions made from them. If it appears based on all of the evidence viewed in the light most favorable to the appellee as the verdict winner on the issue of SVP classification, that an SVP classification can be made out in a clear and convincing manner, then we will be obliged to reverse the denial of the SVP designation. *See generally Krouse,* at 838.

¶ 17 As stated above, an SVP is defined in Section 9792 of the statute as follows:

A person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder

---

5. The Commonwealth would have the trial court apply to Megan's Law II a per se rule that the Commonwealth alone has the power to designate a sexual offender as a sexually violent predator. This is not the reading or interpretation one may take from the legislation. There are instances when the designation by the Commonwealth is controlling such as designations of matters which may or may not be disposed of through alternative dispute resolution, or when the Commonwealth does not elect to pursue a private criminal complaint as a policy matter. Such is not the case here and we can only conclude the legis-

lature intended the trial court to retain its inherent power to exercise fact-finding credibility functions when it reviews the totality of the evidence including the report by the State Sexual Offenders Assessment Board.

6. We take note of the recent decision in *Commonwealth v. Maldonado,* —— Pa. ——, 838 A.2d 710 (2003) in which our Supreme Court concluded the intermediate standard of clear and convincing evidence chosen by the legislature is consistent with due process guarantees.

that makes the person likely to engage in predatory sexually violent offenses....

¶ 18 The process by which one is assessed for SVP designation is detailed by the statute. After a defendant is convicted of an offense as specified in specified in Section 9795.1, **Registration**, such as aggravated indecent assault in this case, the trial court must order the Board to assess the defendant for the appropriateness of an SVP designation. Section 9795.4, **Assessments**, (a) **Order for Assessment**. The administrative office of the Board then assigns one of its members to conduct the assessment pursuant to Section 9795.4(b), which specifies an assessment must include examination of the following factors:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age of the individual.

(ii) Use of illegal drugs by the individual.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment filed as criteria reasonably related to the risk of reoffense.

Section 9795.4(b).

¶ 19 Following the submission of a written report containing the assessment and a praecipe filed by the district attorney, the trial court must hold a hearing. See Section 9795.4(e). Megan's Law II provides "[a]t the hearing prior to sentencing the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is [an SVP]." Id., at 9795.4(e)(3).

¶ 20 Those procedures were followed in this case and the trial court made the following findings of fact after the hearing.

1. The Defendant has been convicted of Aggravated Indecent Sexual Assault Without Consent, a sexually violent offense as defined in 42 Pa.C.S.A. Section 9795.

2. Number of Victims: One.

3. The Defendant did not exceed the Means Necessary to Achieve the offense.

4. The nature of the sexual contact with the victim as set forth in the plea colloquy of the Defendant at Number 584 Crim 2001: The Defendant entered the apartment of the victim after 2:00 a.m. She was sleeping in her bed and awoke to the Defendant standing alongside of her bed inserting his fingers in

her vagina area, and she yelled for him to stop and asked him what he was doing, and he failed to stop. The Court has been made aware that the Defendant has denied this conduct. The Court, however, rejects that denial in light of the Defendant's plea. The Court also is aware that the Commonwealth's witness in this case, Herbert E. Hayes, referred to additional acts of the Defendant in the course of the commission of this offense. The Court must disregard the expanded version in light of the Superior Court case of Commonwealth versus Krouse, which directs the Court in considering the nature of the offense to be attentive to the conduct actually admitted to by the victim in his plea colloquy where the offense results in a guilty plea rather than a trial.

5. The relationship of the Defendant to the victim: Unrelated.

6. The age of the victim: A 25-year old adult female.

7. The offense did not include a display of unusual cruelty by the individual during the commission of the crime.

8. The mental capacity of the victim: Unknown.

9. The individual's prior criminal record: This is accurately set forth in the Indiana County Probation Department's Pre–Sentence Investigation report.

10. The Defendant has not completed all of his prior sentences.

11. It is unknown whether the Defendant has participated in available programs for sexual offenders.

12. Age of Defendant: 27.

13. The Defendant has not used illegal drugs. It is noted that the Defendant has a Federal conviction for the sale of drugs, however, there is nothing in the criminal record to indicate that the Defendant used drugs as opposed to selling them.

14. The Defendant does have a mental illness, mental disability or mental abnormality, that is, anti-Social Personality Disorder.

15. Behavioral characteristics that contribute to the individual's conduct: Assessments of the Defendant's overall criminal history together with an assessment that this criminal history began at an early age.

16. Factors that are supported in a sexual offender assessment filed as criteria reasonably related to the risk of reoffense. Anti–Social Personality Disorder.

17. The Court accepts as credible the testimony of the following witness: Herbert E. Hayes.

N.T. at 103–105. We find support for these findings in our thorough review of the record.

¶ 21 We now consider the trial court's conclusions of law which are as follows:

1. The Defendant does suffer from a mental abnormality or personality disorder.

2. The Defendant's mental abnormality or personality disorder does not make him likely to engage in predatory sexually violent offenses.

3. The Defendant, therefore, is not found to be a sexually violent predator within the meaning of Megan's Law.

*Id.*, at 108.

¶ 22 Viewing the facts and the inferences drawn therefrom in the light most favorable to appellee, we do not find the Commonwealth established by clear and convincing evidence that appellee has a mental abnormality or personality disorder *that makes him likely to engage in predatory sexually violent offenses.*

¶ 23 In so concluding, we are cognizant that SVP status is not automatically applied to individuals convicted of a sexual offense. We are also cognizant of the fact that the trial court found the testifying Board member to be credible does not necessarily lead to the conclusion that the Commonwealth has proved by clear and convincing evidence all the elements of an SVP classification.

¶ 24 First, we find support in the record for the trial court's determination that appellee has a mental abnormality, specifically, anti-social personality disorder. Moreover, the parties don't seem to contest this prong of the SVP definition. The dispute centers on the second prong.

¶ 25 Most significantly in determining whether the Commonwealth established by clear and convincing evidence that appellee's mental abnormality makes him likely to engage in predatory sexually violent offenses is that this was appellee's only offense of a sexual nature and the Board member, Hayes, testified appellee's contact with the victim "did not include any violence." N.T., 20–21, *see also, id.,* at 56.

¶ 26 The analysis of other factors in 9795.4(b)(1) also weigh in favor of a finding that the Commonwealth did not prove by clear and convincing evidence that appellee is likely to re-offend. For example, the offense involved one and not multiple victims. Hayes testified the risk of re-offense is greater if multiple victims were involved. N.T., at 55. Also, appellee "did not include any force or means necessary beyond what was required or necessary to commit the act." *Id.,* at 20–21. Hayes also testified risk of re-offense is greater if the offender exhibits sadistic behavior. *Id.,* at 55–56. Also, Hayes stated re-offense is more likely if the offender victimizes children, who by nature are less able to resist. *Id.,* at 61. Hayes testified the age of the victim, twenty-five (25), indicat-

ed she had the means to resist. *Id.,* at 20–21.

¶ 27 Although Hayes believed appellee was likely to re-offend, and the trial court found Hayes to be credible, that alone is not conclusive. Considering the statutory factors and viewing the evidence in the light most favorable to appellee as the verdict winner on this issue, we are compelled to agree with the trial court that the Commonwealth has not proven by clear and convincing evidence that appellee's mental abnormality makes him likely to engage in predatory sexually violent offenses. Accordingly, we affirm the Order of the trial court declining to classify appellee as an SVP.

¶ 28 Judgment of sentence affirmed.