COMMONWEALTH of Pennsylvania

v.

**Jonathan Paul JONES, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 2007.
Filed Feb. 6, 2008.

Kenneth A. Snarey, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty. and Michael W. Streily, Deputy Dist. Atty., for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO and PANELLA, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 Appellant appeals the order entered August 15, 2006, denying his first collateral petition, brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9546. The petition was

denied on the merits without hearing, following proper notice under Pa.R.Crim.P. 907, 42 Pa.C.S.A. We affirm.

¶ 2 On October 18, 2000, a jury found appellant guilty of three counts of burglary, two counts of rape, two counts of aggravated indecent assault, two counts of robbery, and one count of simple assault. The convictions resulted from three separate home invasions in three different Allegheny County municipalities on September 15, 1994, April 4, 1998, and April 19, 1998, respectively. In each instance, an elderly woman was robbed and sexually assaulted. We also note that the crimes echoed the *modus operandi* of a series of similar home invasions that occurred in eastern Allegheny County and western Westmoreland County beginning in 1993. Ultimately, compelling DNA evidence led to appellant's conviction.

¶ 3 Judgment of sentence was imposed on February 13, 2001, with appellant receiving an aggregate term of 80 to 160 years' imprisonment. On November 22, 2002, this court affirmed the judgment of sentence; and on September 16, 2003, our supreme court denied appeal. *Commonwealth v. Jones*, 811 A.2d 1057 (Pa.Super.2002), *appeal denied*, 574 Pa. 765, 832 A.2d 435 (2003).

¶ 4 On April 5, 2004, appellant timely filed a *pro se* PCRA petition. Counsel was appointed and an amended petition was filed. As noted, appellant's petition was ultimately denied on the merits. On appeal, appellant raises four issues: (1) a claim that the PCRA court erred in not conducting an evidentiary hearing; (2) a layered claim that direct appeal and trial counsel were ineffective for failing to challenge the discretionary aspects of appellant's sentence;[1] (3) a layered claim that

---

1. The Commonwealth argues on appeal that appellant failed to present a requisite layered

claim of ineffective assistance by appellate counsel. While appellant's brief does not al-

direct appeal counsel was ineffective for not arguing that trial counsel was ineffective for not seeking to suppress the blood and saliva samples taken from appellant; and (4) a claim that direct appeal counsel was ineffective for not arguing that the Commonwealth failed to prove by clear and convincing evidence that appellant was a sexually violent predator. We begin our analysis with our standard of review.

¶ 5 Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582 (1999). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164 (Pa.Super.2001). Moreover, as three of appellant's four issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Mallory,* 888 A.2d 854 (Pa.Super.2005). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. *Commonwealth v. Pond,* 846 A.2d 699 (Pa.Super.2004).

¶ 6 We turn first to appellant's argument that the PCRA court erred in not conducting an evidentiary hearing. We find no error here. There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. *Commonwealth v. Barbosa,* 819 A.2d 81 (Pa.Super.2003). All of appellant's PCRA claims pertained to ineffective assistance of counsel. Since such a claim must meet all three prongs of the test for ineffectiveness, if the court can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing. Such is the case instantly.

¶ 7 Appellant contends that counsel was ineffective in failing to challenge the discretionary aspects of his sentence. However, if the PCRA court can determine from the record that the sentence was not excessive, or that adequate reasons were placed on the record for exceeding the sentencing guidelines, then there is no underlying merit to the ineffectiveness claim and the claim must fail. Moreover, whether the sentence is manifestly excessive or whether adequate reasons were placed on the record for exceeding the guidelines are not matters subject to further clarification by the taking of evidence; rather, they are determined, as matters of law, upon a review of the record as it already exists.

¶ 8 Likewise, appellant's challenge that counsel was ineffective for not seeking suppression of the blood and saliva evidence on the basis of a faulty search warrant does not require the taking of further evidence if the court can determine that there is no underlying merit. This assessment can again be made as a matter of law, based upon the face of the warrant.[2]

---

ways preserve this veneer, the amended petition sufficiently put forward a layered claim.

**2.** We note that appellant asserts that the warrant is defective because it contains misstate-

¶ 9 Similarly, appellant's final assertion of ineffectiveness, that appellate counsel was ineffective for failing to contest on appeal whether the Commonwealth proved that appellant was a sexually violent predator by clear and convincing evidence may be resolved without taking additional evidence, if the PCRA court can determine that there is no underlying merit to this issue because clear and convincing evidence was offered. Again, however, this decision is a matter of law based upon the evidence that was already presented at the sexually violent predator hearing conducted pursuant to 42 Pa.C.S.A. § 9795.4(e).

¶ 10 In the final analysis, because a claim of ineffectiveness must meet three prongs, and because one of those prongs can often be found wanting from a simple examination of the record as it exists, a PCRA evidentiary hearing based solely on such a claim will often be rendered unnecessary by an examination of the record as it exists. Thus, while an appellant may need a hearing to explore the validity of counsel's trial strategy pursuant to the second prong, such a hearing will be rendered superfluous if the court can determine from the existing record that there has been no prejudice to the appellant under the third prong. In light of these considerations, we find no error on the part of the PCRA court.

¶ 11 Appellant next presents a layered claim that appellate and trial counsel were ineffective in not challenging the discretionary aspects of his sentence. Appellant presents essentially three arguments in this regard. First, appellant complains that the trial court indicated on some of the Guideline Sentence forms that a mandatory minimum sentence applied under 42 Pa.C.S.A. § 9717 because the victims were elderly. Appellant complains that he never received notice of the application of this mandatory minimum.[3]

¶ 12 We find the lack of notice to be irrelevant since the Commonwealth did not invoke or seek the application of a mandatory minimum sentence in these convictions, nor did the court mention the provision in its remarks at sentencing. Moreover, the court did not impose the applicable mandatory minimum on any of appellant's convictions; rather, the court went well beyond the mandatory minimum and imposed the statutory maximum sentence. Thus, there was no prejudice to appellant since he would not have been sentenced to a lesser sentence but for the application of this mandatory minimum sentence provision, and therefore, there can be no finding of ineffectiveness.

¶ 13 Next, appellant claims that counsel was ineffective for failing to challenge the discretionary aspects of his sentence on the basis that the court failed to

---

ments. While it is conceivable that evidence would need to be introduced to show whether averments in the warrant were, in fact, misstatements, no hearing would be required if the court could determine that the warrant was still valid despite the alleged misstatements.

**3.** *This court imposed a notice requirement for* 42 Pa.C.S.A. § 9717 *in Commonwealth v. Rizzo,* 362 Pa.Super. 129, 523 A.2d 809 (1987). The *Rizzo* court imposed the requirement citing two other mandatory minimum sentencing sections of the Sentencing Code, sections

9712(b) and 9714(c). We note that those subsections specifically imposed a notice requirement before the Commonwealth can invoke those particular mandatory minimum sentence requirements. On the other hand, section 9717 appears to be alone among the various mandatory minimum sentence provisions of the Sentencing Code that does *not* contain a subsection requiring notice. Thus, although we are bound by this precedent, we observe that there appears to be no statutory authority for this notice requirement.

consider the sentencing factors described at 42 Pa.C.S.A. § 9721, and failed to state adequate reasons on the record as to why it was appropriate to deviate from the Sentencing Guidelines.

¶ 14 Appellant's own brief counters this contention where it quotes the court's remarks at sentencing:

> The Court has the benefit of the pre-sentence report and the report from the Sexual Offenders Board. I have heard the arguments of counsel with regard to this matter.
>
> Mr. Jones, it is perhaps fortunate for you and unfortunate to the Court that in an effort to create judicial equity, the legislature created a legislative inadequacy often known as Megan's Law, and a portion of the act which would permit this Court to sentence you to life in prison for these offenses, which the Court believes would clearly be appropriate, was suspended. Short of taking someone's life, your conduct here was vicious, brutal, and despicable as can be perpetrated upon another human being.

Notes of testimony, 2/13/01 at 56–57.

¶ 15 Our supreme court has held that where the trial court is apprised by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). Furthermore, a court can satisfy the requirement to prepare a contemporaneous written statement of reasons for deviating from the sentencing guidelines by stating those reasons on the record in the presence of the defendant. *Commonwealth v. Catanch*, 398 Pa.Super. 466, 581 A.2d 226 (1990). Although the court's statement in this regard is brief, it succinctly expressed the court's decision that because appellant's combined offenses were exceeded in utter brutality only by the taking of a human life, a sentence tantamount to life imprisonment was appropriate. We see no abuse of discretion, and without underlying merit, no ineffectiveness of counsel for failing to challenge the discretionary aspects of sentence on this basis.

¶ 16 Next, appellant also questions counsel's failure to challenge the discretionary aspects of his sentence on the basis of the sentencing scheme as a whole, which imposed statutory maximum terms as to each conviction, with every term running consecutively, for a total of 80 to 160 years' imprisonment. Appellant cites case law from this court wherein we disapproved of such sentencing schemes as excessive. *See Commonwealth v. Dodge*, 859 A.2d 771 (Pa.Super.2004), *appeal denied*, 584 Pa. 672, 880 A.2d 1236 (2005); *Commonwealth v. Walls*, 846 A.2d 152 (Pa.Super.2004), *vacated*, 592 Pa. 557, 926 A.2d 957 (2007); and *Commonwealth v. Caraballo*, 848 A.2d 1018 (Pa.Super.2004), *vacated*, 593 Pa. 658, 933 A.2d 650 (2007).

¶ 17 We immediately observe that both *Walls* and *Caraballo* were recently vacated and remanded by our supreme court on the basis that this court had usurped the sentencing court's discretion. As for *Dodge*, the appellant therein was sentenced to 58½ to 124 years' imprisonment largely for numerous property crimes, some of which involved small monetary value, and no crimes of violence. This case is instantly distinguishable. Appellant repeatedly invaded the sanctity of his victims' homes at night and perpetrated crimes of extreme violence against basically helpless, elderly victims. Where the imposition of a long prison sentence might be questionable in *Dodge*, it is completely appropriate under the present circumstances. We see no merit to appellant's contention that counsel was ineffective for

failing to challenge appellant's sentence for inherent excessiveness.

¶ 18 Next, appellant posits that trial counsel was ineffective for failing to seek to suppress the admission of blood and saliva evidence obtained from appellant on the basis that the search warrant was defective. We disagree.

¶ 19 As noted by the Commonwealth in its brief, where "an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." *Commonwealth v. Carelli,* 377 Pa.Super. 117, 546 A.2d 1185, 1189 (1988). Furthermore,

> [t]he totality of the circumstances test is employed to determine whether an affidavit of probable cause sets forth sufficient facts for the necessary finding of probable cause to support a search warrant and, 'if a search warrant is based on an affidavit containing deliberate or knowing misstatements of material fact, the search warrant is invalid'.

*Commonwealth v. Murphy,* 795 A.2d 997, 1006 (Pa.Super.2002), quoting (in part) *Commonwealth v. Clark,* 412 Pa.Super. 92, 602 A.2d 1323 (1992).

■ ¶ 20 At the center of appellant's complaint is the mention of certain similar crimes in the warrant's affidavit of probable cause which appellant argues amounted to deliberate misstatements that invalidated the warrant. First, the affidavit cites the home invasion of a 58–year–old woman during the early morning hours of October 8, 1994. The victim subsequently positively identified appellant from a photo array. Appellant argues that this is misleading because the account does not reveal that appellant was subsequently acquitted at trial. We do not find this to be misleading. Acquittal at trial only indicates that the proof presented did not rise to the standard of "beyond a reasonable doubt." That exacting standard, however, is not applied to an application for a search warrant, which must only meet the standard of mere probability, under the totality of the circumstances. Thus, the fact that appellant was subsequently acquitted is more or less irrelevant to the establishment of probable cause.

■ ¶ 21 The affidavit next recounts that appellant was arrested for the home invasion of a 76–year–old woman during the early morning hours of May 20, 1995. Appellant finds this information misleading because the affidavit does not reveal that the charges were subsequently dismissed. Again, however, a dismissal of charges only reflects there was insufficient evidence to meet the standard that would be applied at trial. Moreover, the affidavit was merely trying to establish that there had been a wave of similar late night home invasions of elderly women in the eastern area of Allegheny County and western section of Westmoreland County in the mid to late 1990's, and that appellant had either been identified or suspected in their commission. A finding of probable cause would not need there to have been convictions in every, or any, case.

¶ 22 The affidavit next describes the September 2, 1994 late night home invasion of an 85–year–old woman in which an unsuccessful sexual assault was attempted. The victim was shown a photo array and indicated that appellant resembled the perpetrator, but apparently did not make a positive identification. Further, the affidavit also revealed a March 27, 1995 home invasion of a 70–year–old woman who also stated that appellant resembled the burglar, but did not positively identify appellant. Appellant contends that these two incidents were misleading because the affi-

davit does not reveal that he was never arrested in these two cases. We wholly disagree. It was not necessary that appellant have been arrested or convicted in any of these prior incidents in order for them to have been validly considered by the reviewing authority. Appellant's repeated selection from photo arrays may have not been enough to secure conviction, or even arrest, but under the totality of circumstances, could give rise to probable cause, especially in the amalgam of the several home invasions.

¶ 23 Ultimately, we find that the failure to obtain a conviction or even an arrest in each of these incidents does not detract from their value to a finding of probable cause, because conviction, always, and the decision to arrest or dismiss charges, sometimes, are based upon the exacting standard that must be met at trial. We do not find that the affidavit's failure to reveal that these prior identifications did not meet that standard amounts to misstatement, when the standard to be applied during the review of the affidavit is one of more probable than not, under the totality of the circumstances. There is no ineffectiveness of counsel here because the warrant could not have been successfully challenged on the basis stated.

¶ 24 Appellant's final assertion of ineffective assistance maintains that appellate counsel was ineffective for failing to contest on appeal whether the Commonwealth proved that appellant was a sexually violent predator by clear and convincing evidence as is required under 42 Pa.C.S.A. § 9795.4(e)(3). Dr. Robert Coufal of the Pennsylvania Sexual Offenders Assessment Board testified as to his conclusion that appellant was a sexually violent predator. The conclusion was based upon Dr. Coufal's examination of appellant's criminal record and of the three sexual assaults of which appellant stood convicted. Es-

sentially, appellant argues that Dr. Coufal could not properly come to this conclusion because appellant's criminal history contained no convictions for sexual offenses or crimes of violence and that Dr. Coufal was prohibited from considering his present convictions to reach this conclusion under *Commonwealth v. Lipphardt*, 841 A.2d 551 (Pa.Super.2004).

¶ 25 Appellant has completely mischaracterized the holding in *Lipphardt*. Therein, this court held that the trial court properly found that there was not clear and convincing evidence for a conclusion of sexually violent predator status because the appellant had no history of sexual offenses and because the instant offense was a solitary incident and nonviolent in nature. The *Lipphardt* court did not conclude that the offense thereunder could not be considered, but rather, it actually considered the nature of the offense and simply found that there was not clear and convincing evidence.

¶ 26 Instantly, Dr. Coufal was not presented with a single, nonviolent offense, but rather with multiple incidents of manifest sexual violence. The evidence met the clear and convincing standard; and appellate counsel was, therefore, not ineffective in failing to raise this issue on appeal.

¶ 27 Accordingly, having found no merit in appellant's issues on appeal, we will affirm the order below.

¶ 28 Order affirmed.