J. S16037/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JORGE MARTINEZ, :
:
Appellant : No. 1439 EDA 2015

Appeal from the PCRA Order May 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006386-2009

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 04, 2016**

Appellant Jorge Martinez appeals from the order denying without a hearing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46, challenging the effectiveness of counsel. We affirm.

After a jury trial, Appellant was convicted of first-degree murder and possession of an instrument of crime in connection with the March 2, 2008 shooting death of Nicholas Cruz. This Court affirmed the judgment of sentence on direct appeal. *Commonwealth v. Martinez*, No. 766 EDA 2010 (Pa.Super. filed Jan. 30, 2012). Our Supreme Court denied allowance of appeal on June 26, 2012.

Appellant timely filed a *pro se* PCRA Petition. The court appointed counsel who filed an amended Petition claiming that trial counsel, Samuel

Stretton, Esq., had been ineffective for failing to interview eyewitness Liz Concepcion and procure her appearance at trial. Specifically, Appellant wanted to present her testimony with respect to her initial description of the shooter as "skinny," in contrast to Appellant who is heavy and is known by the nickname "Gordo."

After filing a Pa.R.Crim.P. 907 notice, the PCRA court dismissed the petition without a hearing. Appellant timely appealed.

On appeal, Appellant raises the following issue for our review:

> Is the Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing since trial counsel rendered ineffective assistance of counsel when he failed to interview Liz Concepcion and present her testimony or the testimony of other witnesses at trial as to Concepcion's description of the shooter as "skinny"?

Appellant's Brief at 4.

The facts of the underlying conviction are set forth in our disposition on direct appeal, and we need not restate them in their entirety. However, relevant to this PCRA appeal, we note the following:

Within hours of the shooting on March 2, 2008, Liz Concepcion gave a statement to police detectives that after hearing a gunshot, she went outside and saw the victim lying on the ground with a man standing over him with a gun. She described the man as "like 5-6 and skinny." PCRA Court Opinion, dated 8/21/15, at 3. Approximately 24 hours later, she spoke to different officers and identified Appellant (a/k/a/ "Gordo") as the shooter. N.T., 2/18/10, at 6. Three weeks later, Concepcion again spoke with police

detectives and this time denied that she had ever named "Gordo" as the shooter. PCRA Court Opinion at 3.

At some point thereafter, Concepcion and her husband moved to Texas. As Appellant's trial approached, defense counsel notified the court that Conception could not be located, although he knew she was somewhere in Texas. Trial proceeded with several witnesses testifying to the events leading up to and including the shooting. *See Martinez*, *supra*, slip op*.* at 1-3*.*

Appellant contended in his PCRA petition that trial counsel provided ineffective assistance of counsel by failing to obtain Concepcion's appearance at trial to testify regarding her initial statement to police about the "skinny" shooter. He also asserts that counsel delayed in attempting to find Concepcion, and had been ineffective for not presenting witnesses who would have testified regarding her initial statement.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

A PCRA petitioner is not automatically entitled to an evidentiary hearing. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id*. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

"In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial."

*Commonwealth v. Johnson*, 27 A.3d 244, 247 (Pa.Super. 2011) (citation omitted).

Appellant first argues that trial counsel was ineffective for failing to call witnesses who would testify as to Concepcion's statement to police that the shooter was "skinny." Appellant's Brief at 11. Our review of the record indicates that trial counsel made numerous efforts over two days to bring in Concepcion's statement through other witnesses. **See** N.T., 2/17/10, at 163-65; N.T., 2/18/10, at 5-9, 65-92, 120-27. Although the trial court initially seemed willing to permit Concepcion's "skinny" statement to come in through the officers who heard it, the court ultimately concluded it was impermissible hearsay.

This Court will not deem trial counsel ineffective for failing to call witnesses whose testimony has been ruled inadmissible. Moreover, as the PCRA court noted, if defense counsel had succeeded in bringing in Concepcion's description of the shooter as "skinny," the Commonwealth would have brought in her statement specifically identifying Appellant as the shooter. PCRA Court Opinion at 5-6.

Appellant next asserts that but for counsel's ineffectiveness, Concepcion would have been available to testify. He avers that trial counsel waited until the eve of trial to attempt to locate Concepcion. The record belies Appellant's claim.

At the close of jury selection, Mr. Stretton informed the court that he had been looking for Concepcion, but had not been able to locate her. He stated that he recently learned that she had moved to Texas, but she could not be located. Mr. Stretton told the court that he had "had no idea" that Concepcion was leaving the area, and had he known, he would have taken her deposition. N.T., 2/17/10, at 121, 123. He also stated that he had been looking for her for some time, and he had enlisted the Commonwealth's assistance in locating her. *Id*. at 159-60.

Toward the end of the discussion of the issue, Mr. Stretton brought to the court's attention a letter Appellant had filed with the court requesting that Stretton be replaced as counsel because he had not interviewed Concepcion. On the record, Appellant withdrew his motion, acknowledging that he had been unaware of the situation with Concepcion and had mistakenly blamed counsel. Appellant stated that he "really [didn't] think Mr. Stretton was ineffective counsel." N.T., 2/17/10, at 169.

As the PCRA court noted, Appellant's PCRA counsel hired an investigator and located five people named Liz Concepcion with verifiable addresses and phone numbers in Texas. Three responded to PCRA counsel's inquiries that they were not the Liz Concepcion at issue. The inquiries sent to the other two women were returned to counsel as undeliverable. It appears, as the PCRA court observed, that once Concepcion gave her statement to police, she left the area and was unavailable to testify. Based

on the record, we conclude that the PCRA court correctly concluded that Concepcion had been unavailable through no fault of Mr. Stretton.

Next, Appellant asserts that this Court should "assume[] that Concepcion would have been ready, willing and able to cooperate with [Appellant] had trial counsel not delayed his investigation." Appellant's Brief at 17. The PCRA court observed that Appellant had failed to produce any "objective proof that Concepcion was willing or would now be willing to testify on his behalf." PCRA Court at 5. Moreover, the record shows that the other witnesses with information about the shooting had been terrified of Appellant and had waited nearly six months before coming forward to identify him as the shooter. It would be beyond speculative for this Court "to assume" Concepcion would have been "ready, willing and able" to testify at trial.

Regarding Appellant's assertion that he suffered prejudice because of counsel's alleged ineffectiveness, we note that the Commonwealth presented a plethora of evidence against Appellant. **See Martinez**, **supra**, slip op. at 1-3. As the PCRA court noted, "Concepcion would just have been one more witness identifying [Appellant] as the shooter." PCRA Court Opinion, at 6. Moreover, our review of the trial transcript shows that defense counsel was still able to advance through vigorous cross-examination Appellant's theory that he had not been the shooter.

Appellant has failed to satisfy the prongs of the ineffectiveness test. *See Fulton*, *supra* at 572. We, thus, conclude that the PCRA court did not abuse its discretion in dismissing Appellant's petition without a hearing. *See Jones*, *supra* at 906. Accordingly, we affirm the PCRA court's denial of Appellant's petition for relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016