J-S68006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONNELL BARNES, | |
| Appellant | No. 1156 WDA 2015 |

Appeal from the Judgment of Sentence June 26, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001766-2014

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 6, 2016**

Donnell Barnes ("Appellant") appeals from the judgment of sentence imposed after he entered a plea of no contest to corruption of minors, indecent assault, and endangering the welfare of a child.  Specifically, Appellant challenges his designation as a sexually violent predator ("SVP").  We affirm.

The charges against Appellant stem from his sexual contact with the victim when she was between the ages of eight and ten.  Appellant was fifty to fifty-three years old and the live-in boyfriend of the victim's mother.  Following his plea of no contest, the trial court held an SVP and sentencing hearing on June 26, 2015.  Based on the expert testimony of Ms. Brenda

_____

* Retired Senior Judge assigned to the Superior Court.

Manno, Appellant was designated an SVP and required to be a lifetime registrant. He was sentenced to incarceration for an aggregate term of four to eight years. Appellant did not file post-sentence motions.

Appellant filed a notice of appeal on July 24, 2015, and, along with the trial court, complied with Pa.R.A.P. 1925. On appeal, Appellant presents the following question for our consideration: "Whether the trial court abused its discretion when it found Appellant to be a sexually violent predator as there was insufficient evidence presented to support such a finding." Appellant's Brief at 3 (full capitalization omitted).

Appellant challenges the sufficiency of the evidence supporting the trial court's SVP designation. Our standard and scope of review are well settled:

> A challenge to the sufficiency of the evidence is a question of law requiring a plenary scope of review. The appropriate standard of review regarding the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses. As a reviewing court, we may not weigh the evidence and substitute our judgment for that of the fact-finder. Furthermore, a fact-finder is free to believe all, part or none of the evidence presented.

*Commonwealth v. Brooks*, 7 A.3d 852, 860 (Pa. Super. 2010) (quoting *Commonwealth v. Haughwout*, 837 A.2d 480, 484 (Pa. Super. 2003) (citations omitted)).

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is an SVP. As with any sufficiency of the evidence claim, we view all evidence and

reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1199 (Pa. 2015) (quoting *Commonwealth v. Baker*, 24 A.3d 1006, 1033 (Pa. Super. 2011)) (internal brackets omitted).

This Court has explained the SVP determination process as follows:

After a person has been convicted of an offense listed in 42 Pa.C.S.A. § 9799.14, the trial court then orders an assessment to be done by the SOAB to help determine if that person should be classified as an SVP. *An SVP is defined as a person who has been convicted of a sexually violent offense and who has a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.* In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Hollingshead*, 111 A.3d 189–190 (quoting *Commonwealth v. Stephens*, 74 A.3d 1034, 1038–1039 (Pa. Super. 2013)) (emphasis supplied; internal brackets and ellipses omitted). Additionally:

[w]hen performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S.A. § 9799.24(b).

***Hollingshead***, 111 A.3d 190.

With regard to the various assessment factors listed in Section 9795.4, there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a check list with each one weighing in some necessary fashion for or against SVP designation. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities.

Thus, while the Board is to examine all the factors listed under Section 9795.4, the Commonwealth does not have to show that any certain factor is present or absent in a particular case. Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. 42 Pa.C.S.A. § 9792. Having conducted a hearing and considered the evidence presented to it, the court then decides whether a defendant is to be designated an SVP and thus made subject to the registration requirements of 42 Pa.C.S.A. § 9795.1(b)(3).

***Brooks***, 7 A.3d at 862 (quoting ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008) (citations omitted)).

Appellant first argues "that the clear and convincing burden necessary to determine whether he is a[n] SVP was not met by the Commonwealth as the testimony presented was based on hearsay and failed to meet the factors as outlined in SORNA."[1] Appellant's Brief at 5. According to Appellant, "the sole evidence the Commonwealth presented during the SVP hearing was testimony from Brenda Manno. Ms. Manno, by her own testimony, did not interview or examine the Appellant.[2] Her testimony was based solely on police reports and the criminal complaint that was compiled by an investigator. N.T. SVP Hearing at 7." ***Id.*** at 6.

Upon review, we conclude that Appellant's first argument is meritless. In doing so, we adopt as our own, the well-reasoned analysis of the trial court:

> In preparing her assessment, Ms. Manno reviewed a summary of the records and a report from the investigator assigned to the case, which included police records, the criminal complaint, the affidavit of probable cause and other related records. *Sentencing Transcript, June 26, 2015, ("N.T.")*, p. 8. Ms. Manno also reviewed records from Erie County Adult Probation, the Pennsylvania Department of Transportation, the Pennsylvania Board of Probation and Parole, and the letter

---

[1] Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41.

[2] Ms. Manno explained that Appellant "declined to be interviewed." N.T., 6/26/15, at 16.

submitted by Appellant's counsel informing Ms. Manno Appellant would [not] consent to an interview. *N.T. p. [7,] 8.*

At the SVP hearing, Appellant stipulated that Ms. Manno was an expert qualified to offer an opinion as [to] whether Appellant met the statutory criteria to be qualified a sexually violent predator.[3] *N.T. p. 6.* The realm of information an expert can rely on in formulating an opinion can be broad.

> "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Pa.R.E. 703. "If the expert states an opinion the expert must state the facts or data on which the opinion is based." Pa.R.E. 705 and *Comment* (explaining otherwise inadmissible facts and data supporting expert opinion are considered only to explain basis for expert's opinion, not as substantive evidence). "Once expert testimony has been admitted, the rules of evidence then place the full burden of exploration of facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel's cross-examination." *In re D.Y.*, [34 A.3d 177, 182–183 (Pa.Super.2011)]. Opposing counsel bears the burden of exposing and exploring "any weaknesses in the underpinnings of the expert's opinion." *Id.*
> *Commonwealth v. Prendes*, 97 A.3d 337, 358 (Pa. Super. 2014).

[3] Ms. Manno is a board member of the Sexual Offender's Assessment Board and a licensed clinical social worker. *N.T. p. 5.* The parties stipulated at trial that she was qualified to offer an opinion on whether Appellant met the statutory definition for a sexually violent predator. *N.T. p. 6.*

Trial Court Opinion, 9/9/15, at 4–5. **Accord Commonwealth v. Prendes**,

97 A.3d 337, 360–361 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa.

2014) ("[An] SOAB expert's opinion may be based on facts or data that the expert has been made aware of or personally observed so long as experts in the particular field reasonably rely on those kinds of facts or data in forming an opinion on the subject; the facts or data consulted need not be admissible for the expert's opinion to be admitted."). Furthermore, the trial court found—and the record confirms—that "Ms. Manno testified extensively about each statutory factor." Trial Court Opinion, 9/9/15, at 5–6; N.T., 6/26/15, at 8–13. Therefore, Appellant is not entitled to relief.

Appellant's second argument is that the evidence was insufficient to support his classification as an SVP, especially because he "had never before been convicted of a sexual crime and did not use extraordinarily violent means necessary to achieve the offense." Appellant's Brief at 9. In support of his position, Appellant relies on *Commonwealth v. Lipphardt*, 841 A.2d 551 (Pa. Super. 2004), and *Commonwealth v. Plucinski*, 868 A.2d 20 (Pa. Super. 2005). Appellant argues that his case should result in the same dispositions reached in *Lipphardt* and *Plucinski*, *i.e.*, a finding by this Court that the evidence was insufficient to support an SVP classification. Appellant's Brief at 8.

Upon review, we first distinguish Appellant's legal authority. *Lipphardt* involved a defendant diagnosed with anti-social personality disorder who committed a single sexual offense against a twenty-five-year-old woman he did not know. In *Plucinski*, the defendant used his fourteen-

year-old stepdaughter as a sexual surrogate for six months when his marital relationship with the victim's mother deteriorated. Unlike the defendants in **Lipphardt** and **Plucinski**, Appellant repeatedly engaged in sexual contact for more than six months with a child under the age of thirteen with whom he lived, and he was likely to reoffend. Thus, Appellant's reliance on **Lipphardt** and **Plucinski** is unavailing.

Next, we reproduce with approval the trial court's analysis:

Ms. Manno found Appellant to have the mental abnormality of pedophilic disorder, a type of lifetime perophilic disorder. *N.T. p. 10.* A person is found to have pedophilic disorder if over a period of at least six months, the person experienced recurrent intense sexually arousing urges, fantasies or behaviors involving a prepubescent child or children, which is generally age 13 years or younger. *N.T. pp. 10–11.* The individual must be at least 16 years old and there must be at least 5 or more years difference between the individual and the child. *N.T. p. 11.* The urges, behaviors, or fantasies must have caused marked distress or interpersonal difficulty. *N.T. p. 11.* Individuals who suffer from this disorder are more likely to reoffend than someone who does not have the disorder. *N.T. p. 11.*

Based in part on this disorder, Ms. Manno concluded Appellant is likely to reoffend. In reaching this conclusion, Ms. Manno also considered the victim was a prepubescent child, outside the normative range of adult interest and there were multiple incidents that occurred over an extended period of time. *N.T. pp. 11–12.*

Ms. Manno also found that Appellant's actions indicated predatory behavior:

By statute, predatory is defined as an act directed at a stranger or a person with whom a relationship is initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization.

> I found that there was maintenance or promotion of this relationship, at least in part, in the fact that he lived with the family, that he utilized this child on numerous occasions for sexual gratification.
> *N.T. p. 12.*
>
> Ms. Manno ultimately formulated an opinion to a reasonable degree of professional certainty that Appellant met the statutory criteria to be qualified a[n SVP]. *N.T. p. 12.* Appellant offered no evidence to the contrary.
>
> The [c]ourt accepted Ms. Manno's opinion and her supporting reasons in finding the Commonwealth met its burden of proof to establish Appellant met the statutory criteria to be classified a[n SVP].

Trial Court Opinion, 9/9/15, at 6–7.

Our review of the record substantiates the trial court's determination that the Commonwealth presented clear and convincing evidence that Appellant met the statutory criteria to be classified as an SVP. N.T., 6/26/15, at 8–13. Thus, we conclude that Appellant's sufficiency challenge lacks merit. **Hollingshead**, 111 A.3d at 189.

In discussing the facts of other cases and the absence of certain statutory factors, Appellant is essentially asking this Court to reweigh them. This we cannot do. **Brooks**, 7 A.3d at 863 (citing **Commonwealth v. Meals**, 912 A.2d 213 (Pa. 2006) (holding that this Court erred in reweighing the SVP evidence presented to the trial court; "the Superior Court stepped beyond its authority when it reweighed the evidence, giving more weight to the 'absent' factors than those found and relied upon by the trial court")).

Thus, because Appellant's classification as a sexually violent predator is supported by the record, we affirm Appellant's judgment of sentence. ***Id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016