J-S46024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERIK BARRETT :
:
Appellant : No. 3153 EDA 2018

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012686-2012

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 28, 2019**

Appellant, Erik Barrett, appeals from an order entered on September 27, 2018, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court accurately summarized the factual background of this case as follows:

> On May 17, 2013, [Appellant] entered into a negotiated guilty plea before the Honorable Alice Dubow. [Appellant] pled guilty to robbery [] and possession of an instrument of crime [] and on June 4, 2013, was sentenced pursuant to the negotiated plea to [three] to [ten] years' incarceration followed by a [five] year probationary period. [Appellant] did not appeal. [Appellant] filed a timely *pro se* PCRA petition on October 25, 2013. On March 10, 2016, [counsel] was appointed to represent [Appellant]. [Appellant's court-appointed counsel] filed an amended petition [] on January 22, 2017. On June 19, 2018, the Commonwealth filed a motion to dismiss [Appellant's] PCRA petition. After thorough review of the record and the above documents, [the PCRA court]

---

[*] Retired Senior Judge assigned to the Superior Court.

sent [Appellant] a [Rule] 907 notice of intent to dismiss on August 28, 2018. On September 27, 2018, having received no response from [Appellant], [the PCRA court] dismissed [Appellant's petition without a hearing] for lack of merit. On October 25, 2018, [Appellant] appealed this dismissal to [this Court].

PCRA Court Opinion, 2/26/19, 1-2.

On appeal, Appellant raises the following issue:

I. Did the PCRA [c]ourt err when it dismissed [Appellant's] [a]mended PCRA [p]etition without a [h]earing?

Appellant's Brief at 3.

In Appellant's PCRA petition, he raised a claim of ineffective assistance of counsel. *Id.* at 6-8. Specifically, he asserted that he asked his trial counsel to withdraw his guilty plea and counsel failed to do so.[1] *Id.* Herein, Appellant claims that the PCRA court erred by dismissing Appellant's PCRA petition without conducting an evidentiary hearing. *Id.* at 3 and 8. We disagree.

Our standard of review is as follows:

As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. [This C]ourt's scope of review is limited to the findings of the PCRA court and the evidence on the record [] viewed in the light most favorable to the prevailing party.

---

[1] In his brief, Appellant did not specify whether he requested counsel to file a motion withdrawing his guilty plea before or after sentencing. In his *pro se* PCRA petition, however, Appellant asserted that his counsel did not "file the motion within [10] days of June 4, 2013, as [he] requested." Appellant's *Pro Se* Petition, 10/25/13, at 3. Appellant was sentenced on June 4, 2013. **See** N.T. Sentencing Hearing, 6/4/13, at 1-30. Thus, we conclude that Appellant's claim of ineffectiveness is based upon counsel's failure to file a motion to withdraw Appellant's guilty plea post-sentencing.

*Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted).

There "is no absolute right to an evidentiary hearing on a PCRA petition." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). Rather, a PCRA court "has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact.'" *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013), *quoting Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). Notably, this rule applies to claims of ineffective assistance. *See id.* ("To prevail in an ineffectiveness claim, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction"). Indeed, our Supreme Court previously "stress[ed] that an evidentiary hearing 'is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.'" *Id.* at 604, *quoting Commonwealth v. Jones*, 811 A.2d 994, n.8 (Pa. 2002). Accordingly, if the PCRA court can determine – without an evidentiary hearing – that "one of the prongs [of an ineffective assistance claim] is not met, then no purpose would be advanced by holding an evidentiary hearing." *Jones*, 942 A.2d at 906.

Appellant contends that his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea as requested. Appellant's Brief at 3 and

8. Appellant, however, does not provide any proof that he did, in fact, request counsel to make such a motion. Indeed, he does not even state "when or how" the request was made. PCRA Court Opinion, 2/29/19, at 5. Moreover, Appellant neither pleads nor proves why counsel's alleged failure to file a post-sentence motion to withdraw his guilty plea constitutes manifest injustice. Thus, Appellant failed to plead and prove sufficient facts to substantiate his claim of ineffective assistance. *See* Pa.R.Crim.P. 902(A)(12) (explaining that a PCRA petition must contain "the facts supporting each [ground complained of] that do not appear in the record, and an identification of any affidavits, documents, and other evidence showing such facts"). Instead, Appellant simply asserts that the PCRA court must conduct an evidentiary hearing to make a credibility determination as to whether Appellant requested trial counsel to file the motion to withdraw his guilty plea or not. *See* Appellant's Brief at 8. This statement demonstrates that Appellant is attempting to utilize the evidentiary hearing to obtain "evidence that may support [a] speculative claim of ineffectiveness." *Roney*, 79 A.3d at 604. As such, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/28/19</u>