J-S55009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA
                                             :

                    v.                          :
                                           :

JOHN HENRY LENARD,               :
                                           :
           Appellant            :     No. 353 MDA 2017

Appeal from the PCRA Order February 2, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000541-2006

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED SEPTEMBER 27, 2017**

Appellant, John Henry Lenard, appeals from the February 2, 2017 Order dismissing his fourth Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we affirm.

On February 12, 2007, a jury convicted Appellant of Third-Degree Murder after hearing evidence that after then-18-year-old Appellant and his 16-year-old victim engaged in a brief physical altercation on the corner of the street, Appellant returned to the corner and stabbed the victim, causing his death.  The trial court subsequently sentenced Appellant to a term of twenty to forty years' incarceration.  On January 11, 2008, this Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

affirmed Appellant's Judgment of Sentence, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on June 19, 2008. *See Commonwealth v. Lenard*, 947 A.2d 827 (Pa. Super. filed January 11, 2008) (unpublished memorandum), *appeal denied*, 953 A.2d 540 (Pa. 2008). Appellant did not seek review by the United States Supreme Court. Appellant's Judgment of Sentence, therefore, became final on September 17, 2008, when the ninety-day period for filing a Writ of *Certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On December 15, 2016, more than eight years after his Judgment of Sentence became final, Appellant filed the instant *pro se* PCRA Petition, his fourth, raising a newly-discovered fact claim. On December 29, 2016, the PCRA court issued an Order notifying Appellant of its intention to dismiss Appellant's PCRA Petition pursuant to Pa.R.Crim.P. 907. On January 20, 2017, Appellant filed a *pro se* response entitled Petitioner's Objection to Pa.R.Crim.P. 907 Filed on December 28, 2016 ("Response"). On February 2, 2017, after consideration of Appellant's Response, the PCRA court dismissed Appellant's PCRA Petition without a hearing. Appellant timely appealed.

Appellant raises the following issues on appeal:

1. Whether the PCRA court erred in denying Appellant's PCRA as untimely filed when Appellant established that his after-discovered facts claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S. § 9545(b)(1) and 9545(b)(2)?

2. [Appellant] is bringing forth this PCRA based on after-discovered evidence under 42 Pa.C.S. § 9545(b)(1)(ii). The autopsy reports were not available before trial, after trial[,] nor during previous PCRA proceedings. [Appellant] was eventually provided with a copy of the autopsy reports by Dauphin County Public Defenders Office on 11/14/16. The below facts were unknown to [Appellant] and eventually made known to him, then [Appellant] begin [*sic*] his due diligence in obtaining the autopsy reports to show factual evidence as to what coroner actually performed the autopsy. Without the autopsy reports, [Appellant] would not have known who performed the autopsy and could not have been able to bring forth this PCRA under 9545(b)(1)(ii).

3. Whether the PCRA court's timeliness analysis of Appellant's after-discovered facts exception is erroneous to the extent the court also conducted a merits analysis?

Appellant's Brief at 3 (some capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite). Under the PCRA, any petition "including a second or subsequent

petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, it is undisputed that Appellant filed the instant PCRA Petition well beyond the one-year time limitation set forth in 42 Pa.C.S. § 9545(b)(1) and that his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely PCRA petition, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant invokes the Section 9545(b)(1)(ii) exception to challenge his conviction, which allows an untimely filing if the petition

asserts newly-discovered facts.[1] 42 Pa.C.S. § 9545(b)(1)(ii). To prevail under this section, Appellant is required to establish that: (1) the fact upon which he bases his claim was unknown to him; and (2) he could not have discovered the fact through due diligence. **Commonwealth v. Cox**, 146 A.3d 221, 230 (Pa. 2016); 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." **Cox**, **supra** at 230 (internal quotation marks and citation omitted).

We agree with the PCRA court that Appellant failed to plead or prove the applicability of the newly-discovered fact exception. In his PCRA Petition, Appellant contends that he "was not in possession of the autopsy reports to verify as to who actually performed the autopsy on the victim. On 11/14/16 [Appellant] was provided with the autopsy reports to establish the fact of who performed the autopsy, which was Dr. Wayne K. Ross and not Coroner Graham Hetrick." PCRA Petition, filed 12/21/16, at 3. Appellant further avers that during his trial, "the [C]ommonwealth called its witness Dr. Wayne K. Ross who testified that he was the coroner who actually performed the autopsy on the victim . . . but at [Appellant]'s preliminary

_____

[1] We note that Appellant references "after-discovered facts" and "after-discovered evidence" in his Brief, but he is seeking to invoke 42 Pa.C.S. § 9545(b)(1)(ii), which is the newly-discovered fact exception to the PCRA time-bar.

hearing, the [C]ommonwealth's attorney introduced hearsay evidence to the court from Dauphin County Coroner Graham Hetrick who supposedly performed the autopsy." *Id.* at 4.

Appellant argues that upon receipt of the autopsy report, he discovered the fact that Dr. Ross performed the autopsy on the victim rather than Coroner Hetrick.[2] This argument is nonsensical because Appellant concedes, and a review of the record reveals, that Dr. Ross testified during Appellant's trial under oath that he performed the autopsy. N.T. Trial, 2/12/07 – 2/16/17, at 81. Appellant did not need a copy of the autopsy to learn this fact. Accordingly, Appellant failed to establish the fact upon which he bases his claim was unknown to him and that he could not have discovered the fact through due diligence. **See Cox, supra**. As such, Appellant does not qualify for the time-bar exception under 42 Pa.C.S. § 9545(b)(1)(ii).

In conclusion, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and the PCRA court properly dismissed Appellant's untimely PCRA Petition without an evidentiary hearing. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

---

[2] We note that Appellant appears to question who actually performed the autopsy, but he does not refute the results of the autopsy.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2017