J-S73028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VEGAS GIBSON, | : | |
| | : | |
| Appellant | : | No. 630 MDA 2017 |

Appeal from the PCRA Order February 14, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0001851-2004

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 25, 2018**

Appellant, Vegas Gibson, appeals *pro se* from the February 14, 2017 Order entered in the Dauphin County Court of Common Pleas dismissing as untimely his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

This Court previously set forth the underlying facts, so we will not repeat them here.  ***See Commonwealth v. Gibson***, No. 43 MDA 2011, unpublished memorandum at 1-3 (Pa. Super. filed Nov. 9, 2011).  In summary, Appellant shot three individuals outside a bar in Harrisburg in 2004.  One of Appellant's victims died.  On May 23, 2005, a jury convicted Appellant of First-Degree Murder and related offenses.  On July 26, 2005, the trial court imposed a sentence of life imprisonment.

_____
* Retired Senior Judge assigned to the Superior Court.

This Court affirmed Appellant's Judgment of Sentence, and our Supreme Court denied allowance of appeal on April 25, 2007. **Commonwealth v. Gibson**, 915 A.2d 142 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 921 A.2d 495 (Pa. 2007).

Over the course of the next decade, Appellant filed three PCRA Petitions, and the PCRA court dismissed each of them either because it lacked merit or was patently untimely under the strict terms of the PCRA. This Court affirmed two dismissals on appeal.[1]

On October 11, 2016, Appellant filed the instant *pro se* PCRA Petition, his fourth. Appellant raised allegations of ineffective assistance of counsel and constitutional violations related to newly-discovered evidence obtained as a result of the Judicial Conduct Board's ("JCB") investigation and Complaint involving former Pennsylvania Supreme Court Justice J. Michael Eakin. Appellant alleged that numerous emails at issue in the above JCB investigation had also been sent to two of Appellant's former attorneys.

On January 12, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded *pro se* on January 30, 2017. On February 14, 2017, the PCRA court dismissed Appellant's PCRA Petition.

---

[1] Appellant did not appeal the dismissal of his third PCRA Petition.

Appellant filed a timely Notice of Appeal.[2]  The PCRA court complied with Pa.R.A.P. 1925.[3]

Appellant presents one issue for our review:

> Whether the [l]ower [c]ourt abused its discretion by not reinstating Appellant[']s [d]irect [a]ppeal *nunc pro tunc* where both Appellant[']s [d]irect [a]ppeal and initial PCRA [a]ppeals were inherently flawed and unconstitutional.

Appellant's Brief at 4 (suggested answer omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error.  **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).  There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact.  **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.  **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008)

---

[2] Although Appellant's Notice of Appeal was entered on the docket on March 20, 2017, which would be untimely, we note that Appellant complied with the prisoner mailbox rule by delivering his Notice of Appeal to prison authorities for mailing.  **See** Pa.R.A.P. 121(a).

[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors, and he did not file one.

(explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on July 24, 2007, upon expiration of the time to file a Petition for Writ of *Certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13 (allowing 90 days to file Petition for Writ of *Certiorari*). In order to be timely, Appellant needed to submit his PCRA Petition by July 24, 2008. Appellant filed this PCRA Petition on October 11, 2016, more than nine years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, filed 1/12/17, at 5.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or**

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2) (emphasis added). ***See, e.g., Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, Appellant essentially attempted to invoke the timeliness exception under Section 9545(b)(1)(ii). The exception in Section 9545(b)(1)(ii) requires a petitioner to plead and prove that "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Appellant does not present any argument in support of his claim of a timeliness exception in his Brief. In his PCRA Petition, Appellant averred that he was first alerted to the JCB Complaint and the emails after reading a newspaper article. PCRA Petition, 10/11/16, at 2. This newspaper article described a filing by the Federal Public Defender in an unrelated case that mentioned the JCB Complaint and emails. *Id.* After reading this article, Appellant sent a letter to the Federal Public Defender, who sent him a copy of that filing. *Id.*[4] Appellant appended a copy of the first page of this filing to his Response to the Court's 907 Notice. Based on these efforts, Appellant

---

[4] Appellant attached a photocopy of an envelope the Federal Public Defender had mailed, which was addressed to another inmate.

alleged that he had exercised due diligence in seeking out this information. *Id.*

The PCRA court concluded that Appellant (1) failed to explain the relevance of the unrelated case filed by the Federal Public Defender; (2) failed to support his averments regarding the envelope the Federal Public Defender allegedly sent to him through another inmate and the contents of that envelope; and (3) failed to demonstrate due diligence. PCRA Court Opinion at 6. We agree with the PCRA court's assessment.

Our review of the certified record shows that Appellant failed to satisfy the timeliness exception under Section 9545(b)(1)(ii). Appellant does not indicate the date of the JCB Complaint, the newspaper article, or the Federal Public Defender's filing; he does not include a copy of that Complaint, any of the emails in question, or a complete copy of the Federal Public Defender's filing in the unrelated case.[5] Moreover, Appellant failed to demonstrate his own due diligence. For example, Appellant does not indicate that he made any effort to obtain any of the above evidence upon reading the newspaper article, or that he sought more information from anyone other than a Federal Public Defender's Office.

---

[5] Our Supreme Court has categorically rejected incorporation by reference as a means of presenting an issue. *See Commonwealth v. Briggs*, 12 A.3d 291, 342–43 (Pa. 2011) (citations omitted) (stating that, where an appellant incorporates prior arguments by reference in contravention of Pa.R.A.P. 2119(a) and (b), he or she waives such claims on appeal).

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. ***See*** PCRA Court Opinion at 5-7. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/25/18