J-S53012-19

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant : No. 2825 EDA 2018

Appeal from the PCRA Order Entered August 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012558-2010

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.: Filed: May 7, 2020

Appellant, Shawn Williams, appeals from an order entered on August 22,

2018, which dismissed his first petition for collateral relief filed pursuant to the

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On previous appeal, we summarized the facts of this case as follows.

The victim, A.H., was thirteen[-]years[-]old on August 17, 2010, the day of the attack. [On t]he evening of August 16, 2010, A.H. was at the Philadelphia[, Pennsylvania] home [that] her sister, [M.K.], shared with her husband, Appellant, and their baby daughter. At approximately 11:00 p.m., Appellant and [M.K.] began to argue, and about an hour later, Appellant evicted [M.K.] from the house. She was not permitted to take either the baby or her sister with her.

A.H. was watching television with her niece. Shortly after [M.K.] left, A.H. put her niece to bed. As A.H. was returning to the first floor to turn off the television, Appellant came into the hallway. A.H. described what occurred next, as follows. Appellant "grabbed my right arm and [] pulled me into the [bed]room, and he put both hands on my shoulder[s] and pushed me on the bed." A.H. told him to "get off" and pushed him away. Appellant rebuked the child's attempt to avoid the attack. A.H. testified that she refused Appellant's demand to remove her clothing, so Appellant "took them off for me. I kept trying to pull them up." Appellant inserted

his finger into the victim's vagina, and then placed his mouth on her vagina. A.H. continued to push and scratch Appellant and tell him to get off her. Appellant ignored A.H., and then inserted his penis into her vagina. A.H. said, "[i]t hurt and it was a lot of pressure." A.H. reported that the pain from Appellant's penis was a nine on a scale of one to ten. Appellant also placed his hands and mouth on her breasts. At that point, Appellant placed a pillow over A.H.'s face, and she ceased screaming at him.

When Appellant stopped his assault, A.H. dressed herself and retrieved her niece, who had been crying and screaming during the crime. She went downstairs with the child and began to watch television. Then, Appellant "came downstairs and said if I [told] anybody, he[] [would] kill me and he said that he[] [was] going to kill my family." Eventually, A.H. fell asleep in her niece's room.

A.H.'s mother came to pick her up at approximately 7:00 a.m. on August 17th. After Appellant left the house, A.H. immediately told her mother about the assault, and they went to the police station. Police transported [A.H.] to the hospital, where she was physically examined. Her vagina still hurt and she "could [not] use the bathroom." A.H. reported that, at the hospital, the pain continued to be a nine.

\*\*\*

[Following a non-jury trial conducted on May 24-25, 2011,] Appellant was convicted of [rape, unlawful contact with a minor, unlawful restraint, and endangering the welfare of a child]. Appellant was sentenced to ten to [20] years['] incarceration for rape and a consecutive term of five to ten years in jail for unlawful contact with a minor. Concurrent sentences were imposed [for] the other two crimes[.]

**Commonwealth v. Williams**, 106 A.3d 179 (Pa. Super. 2014) (unpublished

memorandum), at 1-4.

Thereafter, Appellant appealed to this Court and we affirmed his judgment

of sentence on August 28, 2014. **Id.** Appellant did not seek further review. On

June 15, 2015, Appellant filed his first PCRA petition *pro se*. Appellant's PCRA

Petition, 6/15/15, at 1-29. Thereafter, Appellant retained private counsel who

filed two supplemental PCRA petitions on his behalf. Appellant's Supplemental PCRA Petition, 12/15/16, at 1-4; Appellant's Supplemental PCRA Petition, 1/31/18, at 1-2. On July 17, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days without holding a hearing because it determined that Appellant's claims lacked merit. PCRA Court Order, 7/17/18, at 1; *see* Pa.R.Crim.P. 907(1). The PCRA court dismissed Appellant's petition on August 22, 2018.

On September 14, 2018, Appellant filed a timely *pro se* notice of appeal to this Court, even though he was still represented by counsel. Appellant's Notice of Appeal, 9/14/18, at 1. Appellant then filed his brief and reproduced record in this Court *pro se*, despite the fact that Appellant's counsel neither requested nor received permission to withdraw. Accordingly, on October 23, 2019, this Court vacated the PCRA court's dismissal order and remanded this case for the PCRA court to conduct a *Grazier*[1] hearing to determine whether Appellant knowingly, voluntarily, and intelligently waived his right to a counseled PCRA appeal. *Commonwealth v. Williams*, 222 A.3d 863 (Pa. Super. 2019) (unpublished memorandum), at 1-7. Thereafter, on November 26, 2019, the PCRA court granted PCRA counsel's motion to withdraw. PCRA Court Order, 11/26/19, at 1. The PCRA court then appointed counsel to represent Appellant on the instant appeal. On February 20, 2020, this Court issued an order requiring

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) (holding that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

- 3 -

court-appointed counsel to submit an appellate brief or other submission within 20 days. Order, 2/20/20, at 1. Appellant timely complied.

Appellant raises the following issues on appeal:

I.    Whether the PCRA court erred [in] dismissing [Appellant's] PCRA petition when evidence was presented that trial counsel was ineffective for failing to call as a witness the medical professional that examined the complainant, and stipulating to medical records that allowed the prosecutor to present incorrect inferences to the finder of fact[?]

II.   Whether the PCRA court erred [in] dismissing [Appellant's] PCRA petition when evidence was presented that trial counsel was ineffective for failing to request a mistrial because police detectives lost [complainant's] rape kit [] and [Appellant's] [cellular tele]phone [] after collecting both as evidence[?]

III.  Whether the PCRA court erred [in] dismissing [Appellant's] PCRA petition when evidence was presented that trial counsel was ineffective for failing to subpoena and obtain exculpatory evidence[?]

IV.   Whether the PCRA court erred [in] dismissing [Appellant's] PCRA petition when evidence was presented that [direct appeal] counsel was ineffective for failing to preserve and [challenge] the []constitutionality of [Appellant's] mandatory sentence [on appeal?]

V.    Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

Appellant's Brief at 7.

Our standard of review is as follows:

As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the

PCRA court's hearing, viewed in the light most favorable to the prevailing party.

***Commonwealth v. Hammond***, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted).

In issues one through four, Appellant asserts a variety of ineffective assistance of counsel claims. Our Supreme Court previously explained:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in ***Commonwealth v. Pierce***, 527 A.2d 973, 975–[9]76 ([Pa.] 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. ***Commonwealth v. Dennis***, 950 A.2d 945, 954 ([Pa.] 2008). With regard to the second, reasonable basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." [***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007)]. We will conclude that counsel's chosen strategy lacked a reasonable basis only if [the a]ppellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Williams***, 899 A.2d 1060, 1064 ([Pa.] 2006) (citation omitted). To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. ***Dennis***, ***supra*** at 954. We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

***Commonwealth v. Paddy***, 15 A.3d 431, 442-443 (Pa. 2011) (parallel citations omitted).

We will address appellate issues one through three together, as all relate to trial counsel's alleged ineffectiveness. Herein, Appellant first contends that trial counsel was ineffective because counsel stipulated to the admissibility of certain medical records and failed to call the nurse who examined A.H. as a witness. Appellant's Brief at 11. Next, Appellant alleges that trial counsel was ineffective by failing to request a mistrial after the Commonwealth claimed that it lost both the rape kit and Appellant's cellular telephone. *Id.* at 12. Lastly, Appellant argues that trial counsel was ineffective for failing "to make any attempt to obtain [Appellant's cellular telephone]" or A.H.'s rape kit as both allegedly contained exculpatory evidence.[2] *Id.* at 12 and 14. Per Appellant, "no competent lawyer" would have "[i]gnor[ed] [the aforementioned] admissible evidence" and "failed to request a mistrial" in light of the Commonwealth's actions. *Id.* at 12.

_____

[2] In his appellate brief, Appellant also argues that he is entitled to relief under 42 Pa.C.S.A. § 9543(a)(1) (explaining that a petitioner is entitled relief if he pleads and proves that a "violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"). Appellant bases this claim on the Commonwealth's failure to produce the rape kit and Appellant's cellular telephone at trial. Appellant's Brief at 14. Appellant, however, did not raise this issue on direct appeal. As such, it is waived. *See* 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."). Although we do not consider these claims as freestanding issues, we shall review them within the context of a challenge to counsel's effectiveness, which could not have been raised on direct appeal.

In each instance mentioned above, however, Appellant fails to demonstrate how counsel's alleged failures resulted in prejudice. Indeed, Appellant makes no argument that counsel's actions effected the outcome of the proceedings and, instead, baldly asserts that the "totality of counsel's deficiencies significantly undermines any level of confidence in the legitimacy of the outcome of the trial." *Id.* at 12. "[B]ald assertions of . . . ensuing prejudice[, however,] cannot satisfy [Appellant's] burden to prove that counsel was ineffective." *Paddy*, 15 A.3d at 443. Rather, Appellant was required to demonstrate how "counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014), *quoting* *Pierce*, 527 A.2d 973 at 977. In view of the victim's testimony, Appellant's bald assertions do not demonstrate that counsel's actions resulted in prejudice or undermined confidence in the outcome of Appellant's trial. Hence, his claims are meritless.

Next, Appellant argues that direct appeal counsel provided ineffective assistance by failing to preserve a claim challenging the "imposition of the mandatory sentence [as] unconstitutional." Appellant's Brief at 13. Upon review, however, it is clear that Appellant did not receive a mandatory minimum sentence.[3] Accordingly, Appellant's claim that direct appeal counsel

_____

[3] We note that, on direct appeal, Appellant's counsel argued that his sentence was "excessive 'under the circumstances.'" *Commonwealth v. Williams*,

was ineffective for failing to challenge the imposition of his mandatory sentence as unconstitutional is without merit. **Commonwealth v. Spotz**, 896 A.2d 1191, 1211 (Pa. 2006) ("[C]ounsel will not be deemed ineffective for failing to raise a meritless claim.").

Lastly, Appellant claims that the PCRA court erred in dismissing his PCRA petition without an evidentiary hearing. Appellant argues that he "raised five significant instances of trial counsel's ineffectiveness and one instance of [direct appeal] counsel's [ineffectiveness]." Appellant's Brief at 15. As such, Appellant claims that he is entitled to an evidentiary hearing. We disagree.

There "is no absolute right to an evidentiary hearing on a PCRA petition." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). Rather, a PCRA court "has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact.'" **Commonwealth v. Roney**, 79 A.3d 595, 605 (Pa. 2013) (citation omitted). Notably, this rule applies to claims of ineffective assistance. **Id.** Indeed, our Supreme Court previously "stress[ed] that an evidentiary hearing 'is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.'" **Id.** (citation

_____

106 A.3d 179 (Pa. Super. 2014) (unpublished memorandum) at 17 (citation omitted). To support this claim, counsel asserted that "'a mandatory minimum sentence applied to Appellant's conviction' for rape by forcible compulsion" and that "the mandatory minimum was a 'sufficient sentence.'" **Id.** at 18 (citation omitted). This Court, however, explained that Appellant "incorrect[ly]" stated that his conviction for rape by forcible compulsion resulted in the imposition of a mandatory minimum sentence. **Id.**

- 8 -

omitted). Accordingly, if a PCRA court can determine – without an evidentiary hearing – that "one of the prongs [of an ineffective assistance claim] is not met, then no purpose would be advanced by holding an evidentiary hearing." *Commonwealth v. Jones*, 942 A.2d at 906.

As demonstrated above, each of Appellant's ineffective assistance of counsel claims are meritless. We therefore conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/20