J-S29012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN C. EARLE :
:
Appellant : No. 2285 EDA 2017

Appeal from the PCRA Order July 14, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001676-2010

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: Filed: August 13, 2020

Appellant, Kevin Earle, appeals from the order of the Court of Common

Pleas of Philadelphia County dismissing his petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. We affirm.

On the morning of January 15, 2010, Agnes Croom and her 16 year-old

granddaughter, Kiana Smallwood, were getting into their parked car when an

unknown man approached them. The man spoke with Croom and told her that

there was gas leaking from the rear of the car. As Croom looked under the

car, the man pulled out a gun and pointed it at Croom's face. He stole Croom's

purse and fled.

---

[*] Retired Senior Judge assigned to the Superior Court.

Smallwood called the police and eventually she and Croom went to the police station. At the station, Detective Timothy Veal interviewed Smallwood and Detective Adam McGuigan interviewed Croom. Both Croom and Smallwood were shown photographs of possible suspects based on their description of the assailant, but neither were able to make a positive identification of the man who had robbed Croom.

One week after the robbery, Croom's son suggested to Croom that Appellant, whom Croom did not know, may have been the robber. Croom relayed this information to Detective McGuigan. The detective compiled a photo array, which included a photograph of Appellant. Detective McGuigan showed the photo array to Croom, while Detective Veal showed the array to Smallwood. Both Croom and Smallwood positively identified Appellant as the robber from the photo array.

Appellant was arrested and charged with multiple offenses, including robbery. Croom once again positively identified Appellant as the robber at Appellant's preliminary hearing and then again at Appellant's jury trial, stating that she was "100 percent" that it had been Appellant who had robbed her. N.T. Trial, 8/9/2011, at 73. Smallwood likewise identified Appellant as the robber at Appellant's trial. *See id*. at 101. Detective McGuigan also testified at Appellant's trial, explaining to the jury that he had generated the photo array from which Croom and Smallwood identified Appellant using photos with men who all had similar characteristics. *See id*. at 155.

Following trial, the jury found Appellant guilty of, *inter alia*, robbery, carrying a firearm and possession of an instrument of crime. The trial court sentenced him to an aggregate term of imprisonment of 17 ½ to 35 years. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal.

On August 22, 2014, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. The Commonwealth filed a motion to dismiss the petition, and the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court granted the Commonwealth's motion to dismiss Appellant's PCRA petition on July 14, 2017. Appellant filed a timely notice of appeal.

In his appellate brief, Appellant raises the following singular issue in his "summary of the question involved" section:

> Where counsel failed to object to or move to suppress a photo identification under circumstances where legitimate issues were raised as to its fairness, should an evidentiary hearing be held to determine whether PCRA relief is warranted?

Appellant's Brief at 8. This claim does not warrant any relief.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, a petitioner is not entitled to a PCRA hearing as a matter of right[.] [T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose could be served by any further proceedings.

*Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019) (internal citations omitted).

Appellant's sole claim on appeal raises a claim of ineffectiveness of trial counsel. The law presumes that counsel was effective. *See Commonwealth v. Brooks*, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. *See id*.

Appellant argues, in effect, that the PCRA court erred by not holding a hearing on his claim that trial counsel was ineffective for failing to file a motion to suppress Croom's and Smallwood's identification of Appellant. According to Appellant, the identifications were based on a tainted and unduly suggestive photo array. This claim fails for several reasons.

First, Appellant's brief is not sufficiently developed and does not comply with the Rules of Appellate Procedure. While Appellant cites general law regarding claims of ineffective assistance of counsel, he does not attempt to apply the three prongs of the ineffectiveness test to the claim he raises here. Moreover, in support of his claim, Appellant offers three undeveloped allegations in his statement of the case section of his brief, but does not even

reassert those allegations in his argument section. Appellant also fails to explain these allegations in any meaningful way or offer any kind of legal analysis to support those bald allegations. As this Court has made clear:

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (internal citations omitted); *see also* Pa.R.A.P. 2119(a) (stating that the argument section of the brief "shall have at the head of each part" of the argument "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

Given the deficiencies in Appellant's brief, we are constrained to find that he has waived his claim that counsel was ineffective for failing to pursue a motion to suppress Croom's and Smallwood's identification on the basis of a tainted photo array. Even if we were to overlook waiver, Appellant has by no means established that any of the three assertions he offers in support of his claim have arguable merit.

Appellant first summarily states that "the four corners of the photos themselves led to the selection of [ ] Appellant." Appellant's Brief at 9. Although he does not attempt in any way to explain how he believes this to be so, we note that in discussing the photo array, the PCRA court specifically found that:

> Detectives McGuigan and Veal testified as to standard procedures of photo assembly, preparation, and presentation, all of which both detectives testif[ied] to have followed precisely when compiling the photo array they presented to [Croom] and [Smallwood], who, without hesitation, selected [ ] Appellant with no police encouragement. Each of the men included in the photo array shared similar characteristics in accordance with standard identification procedure. Race, hair, eye color, height, and weight, among other characteristics, were common among the men included.

PCRA Court Opinion, 7/30/19, at 6-7.

Appellant does not address, much less challenge, this finding, and we fail to see any error on the part of the trial court in this regard. **See Commonwealth v. Fisher,** 769 A.2d 1116, 1126 (Pa. 2001) (stating that a pre-trial photo array identification procedure is not unduly suggestive as long as the suspect's photo does not stand out from the others and as long as the people depicted in the array have similar facial characteristics).

Next, Appellant asserts that the photo array was tainted because the inclusion of his photo in the array was based on the unreliable hearsay received by Croom that Appellant may have been involved in the robbery. The PCRA court found, however, that the statement to Croom suggesting that Appellant may have been involved in the robbery was not hearsay as it had

- 6 -

been introduced as an "explanation as to why [the Detectives] included Appellant's photo in the photo array rather than concrete evidence as to Appellant's involvement in the robbery in question." PCRA Court Opinion, 7/30/19, at 7, *citing* Pa.R.E. 801(c) (defining hearsay as a statement, other than the one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted). Again, Appellant does not acknowledge this conclusion or argue how the PCRA court erred in reaching it, and we do not discern any error on the part of the PCRA court. **See Commonwealth v. Rega**, 933 A.2d 997, 1017 (Pa. 2007) (finding that a statement is not considered hearsay if it is offered to explain the course of conduct of the police during an investigation).

Finally, Appellant suggests that the photo array was tainted because it was compiled by Detective Derrick Jacobs, who, according to Appellant, bore personal animosity against him because Appellant had been found not guilty in another case in which Detective Jacobs had been involved. Although Appellant does not make any argument beyond this bald assertion to support his claim, the PCRA court found Appellant's assertion to be factually inaccurate. As the PCRA court noted, the record reflects that it was Detectives McGuigan and Veal - not Detective Jacobs - who were involved in the compilation and presentation of the photo array shown to Croom and

Smallwood.[1] Appellant does not address the trial court's determination that his claim is not supported by the record, and we see no error in that determination.

Based on all of the above, we conclude that Appellant has completely failed to establish that his boilerplate claim that the photo array was unduly suggestive, even if not waived, has arguable merit. Moreover, as the PCRA court found, Appellant has also failed to show any prejudice given that both Croom and Smallwood, in addition to identifying Appellant in the photo array, positively identified Appellant as the robber at trial. As such, Appellant has not shown that he was entitled to a hearing regarding his claim that trial counsel was ineffective for failing to pursue a motion to suppress Croom's and Smallwood's identification on the basis of the photo array. **See Commonwealth v. D'Amato**, 856 A.2d 806, 820 (Pa. 2004) (stating that "to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing"); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (stating that if courts can determine without an evidentiary hearing that one of the prongs

---

[1] Although Detective Jacobs was involved in the investigation in the instant case, his involvement was limited to being one of the detectives who executed the search warrant of Appellant's residence.

of the ineffectiveness test cannot be met, then there is no purpose in holding a hearing).

Appellant raises a second claim of counsel's ineffectiveness. The entirety of that claim in his brief's argument section is that trial counsel was ineffective for:

> Fail[ing] to object to, request that the testimony be stricken or request curative instructions relating to the testimony of [Appellant's] supposed intimidation of witnesses in an unrelated criminal case, the testimony was improper for multiple reasons. It was not responsive to the question. Since it was the detective's opinion about what someone else thought, it was at best impermissible hearsay and at worst testimony without any basis whatsoever. Some action by counsel was required.

Appellant's Brief at 15.

In the first place, this claim is not fairly encompassed by Appellant's statement of the question involved, and it is waived for that reason alone. *See* Pa. R.A.P. 2116(a) (stating that "no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). However, we note that Appellant also does not make any reference in his argument section to the place in the record where the testimony at issue appears, as required by Pa.R.A.P. 2119(c). In addition, even a quick reading of the quoted claim above reveals that it has simply not been developed in any meaningful way. The claim is waived for that reason as well. *See* ***Ramsden***, 94 A.3d at 1088; ***Johnson***, 985 A.2d at 924.

Even if not waived, the claim is devoid of merit. Appellant only indicates which detective and which testimony this claim is referring to in his brief's statement of the case section, where he cites to the following exchange between defense counsel and Detective Jacobs:

'The case you were initially involved in that you testified before, you said that you knew my client in that case in February 2009. You know he was found not guilty of all charges in that case, right?' (N.T. 8/10/11 p. 68). In … [his] answer [,] Detective Jacobs stated in part: '[The victim in that case], I later learned, was intimidated by [Appellant] and that's why she recanted her statement that she gave me.' (N.T. 8/10/11 p. 70).

Appellant's Brief at 9-10.

The PCRA court found that defense counsel was not ineffective for failing to object to or request a curative instruction in connection with Detective Jacob's testimony because it was *defense counsel* who strategically sought the admission of testimony from Detective Jacobs demonstrating his involvement in an earlier investigation of a prior robbery, for which Appellant had been charged and ultimately found not guilty. As the Commonwealth explains in its brief:

Counsel wanted to ask the detective about the prior case to attempt to show that Detective Jacobs allegedly had personal animosity toward him which purportedly influenced his actions in the instant case. The court colloquied [Appellant] on his decision to pursue a line of questioning that would introduce information about this prior criminal charge, and he agreed on the record with counsel's trial strategy (N.T. 8/10/11, 39-44).

Commonwealth's Brief at 11.

Appellant does not challenge the PCRA court's ruling in this regard. In any event, Appellant has not asserted, much less shown, how he was prejudiced by counsel's failure to object to or request a cautionary instruction regarding the testimony he proffered in a case where both victims consistently identified Appellant as the man who robbed them at gunpoint, including at Appellant's trial. Appellant has simply not shown that counsel was ineffective or that he was entitled to a hearing on this claim of ineffectiveness. **See Jones**, 942 A.2d at 906.

Appellant has failed to demonstrate that the PCRA court erred by not holding a hearing before dismissing his PCRA petition. While Appellant concludes his brief with a string of cases that remanded for an evidentiary hearing where trial counsel failed to call witnesses, he fails to explain how these cases are relevant to his appeal, which includes no such claim. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/20

- 11 -