J-S03023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ALLEN UMSTEAD | : | |
| | : | |
| Appellant | : | No. 827 WDA 2021 |

Appeal from the PCRA Order Entered June 24, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015441-2014

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: MARCH 25, 2022**

David Allen Umstead appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2015, a jury convicted Umstead of third-degree murder for stabbing a man to death, and the trial court sentenced him to twenty to forty years' incarceration.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal.  ***See Commonwealth v. Umstead***, 188 A.3d 533 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 193 A.3d 345 (Pa. 2018).

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Umstead filed a timely *pro se* PCRA petition asserting trial counsel's ineffectiveness at sentencing. The PCRA court appointed counsel. Umstead requested funds to hire an addiction expert to prepare a report for mitigation purposes. The PCRA court granted the request, and an addiction expert prepared a report. Umstead's counsel then filed an amended petition incorporating the expert report. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Umstead filed no response, and on June 24, 2021, the PCRA court entered an order dismissing the petition. Umstead filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[2]

Umstead raises the following issues for our review:

1. [Whether trial counsel was ineffective because he] failed to offer an effective mitigation case at sentencing, and particularly failed to present an addiction expert[?]

2. [Whether] the PCRA court err[ed] in dismissing . . . Umstead's petition without a hearing?

Umstead's Brief at 2 (unnecessary information omitted, numbering added).[3]

Our standard of review is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.

---

[2] The PCRA court elected not to write a Pa.R.A.P. 1925(a) opinion but, instead, specified where the reasons for its order appear in the record, *i.e.*, in its Rule 907 notice.

[3] We note with disapproval that Umstead failed to separately enumerate his issues in the statement of questions involved. ***See*** Pa.R.A.P. 2116(a).

This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any ground if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Further, to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Umstead claims his counsel was ineffective because he failed to retain an addiction expert to provide mitigating evidence at

- 3 -

sentencing. Umstead argues that such expert evidence would have detailed the severity of his alcohol addiction and discussed the toxic level of alcohol he consumed before the murder. Umstead contends that if the sentencing court had the benefit of such evidence, it would not have imposed the statutory maximum. Umstead maintains that counsel had no reasonable basis for not obtaining such an expert report, and that he was prejudiced because there was a reasonable probability the sentencing court would have imposed a lesser sentence had it been presented with addiction expert testimony.

The PCRA court considered Umstead's first issue and determined that his claim merited no relief because he failed to satisfy the prejudice prong of the ineffectiveness test. The court explained:

> [T]he contention that an addiction expert would have produced a lesser sentence lacks substantial merit for several reasons. [T]he . . . information contained in the Presentence [Investigation] Report ("PS[I]") provided more than sufficient detail regarding [Umstead's] addiction history and background. Between the PS[I], trial testimony, and evidence and argument presented at sentencing by trial counsel, the court was well familiar with [Umstead's] serious addiction issues and the defense's position that the crime stemmed from his intoxicated state at the time of the murder. There was no significant information contained in the expert report prepared by [Umstead's expert] that this court was not already familiar with, nor was there any information that would have motivated this court to consider a lesser sentence.
>
> Second, through this court's position as the presiding judge of Mental Health Court [("MHC")] for the last decade, this court has developed an intimate understanding of the intersection between severe addiction and criminal activity. Many of the MHC participants have substantial addiction issues that accompany their mental health issues, and this court is confident that it is one of the most sympathetic ears when it comes to the argument of

how the combination of mental health and substance abuse issues can lead to criminal behavior.

So, while this court well understood that [Umstead] was highly intoxicated at the time of the crime and that he had been battling his addiction for years, it wholeheartedly disagreed with the defense position that this was "a fight between two intoxicated men." Nor does it credit any proposition that [Umstead] was so intoxicated that he was mindlessly reacting to a perceived threat. The evidence at trial clearly showed that [the victim] was running away from the [Umstead], and that [Umstead] chased after him, tackled him to the ground, got on top of him, and stabbed him repeatedly.

Ultimately, [Umstead] cannot prove that he was prejudiced by trial counsel's performance at sentencing. Trial counsel was a zealous advocate for his client throughout each stage of the pretrial proceedings and through sentencing. Trial counsel presented the testimony of [Umstead's] family who witnessed first-hand the impact that drugs and alcohol had on [his] life and general decision-making, and [counsel] made passionate arguments during both his closing argument at trial and at sentencing. The fact remains that this court did not believe that [Umstead's] addiction history or intoxication outweighed other, more compelling factors, that warranted the statutory maximum sentence in this case . . . Accordingly, for all of the aforementioned reasons, there is no reasonable probability that the testimony of an addiction expert would have helped tip the scales in favor of a lesser sentence than what was imposed, and [Umstead's ineffectiveness] claim must fail.

Pa.R.Crim.P. 907 Notice, 5/26/21, at ¶¶ 4-6 (numbering, citations, and some quotations omitted).

Based on our review, we determine the PCRA court's conclusions are supported by the record and free of legal error. At the time of Umstead's sentencing, the court was already aware of his addiction history and that he was intoxicated at the time of the murder. As the PCRA court—which was also the sentencing court—explained, the expert report did not provide any

additional information to the court that would have impacted the outcome of the sentencing hearing. Thus, as Umstead cannot establish that there was a reasonable probability the outcome of his sentencing proceedings would have been different but for counsel's inaction, he cannot establish that he was prejudiced by counsel's failure to retain an addiction expert. **See Johnson**, 139 A.3d at 1272; **see also Commonwealth v. Miller**, 987 A.2d 638, 667 (Pa. Super. 2009) (holding that sentencing counsel cannot be ineffective for failing to present mitigating evidence that merely would have been cumulative of evidence that was presented during a penalty hearing). As such, Umstead's first claim merits no relief.

In his second issue, Umstead claims the PCRA court abused its discretion by dismissing his petition without a hearing. A PCRA petitioner has "no absolute right to an evidentiary hearing on a . . . petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (internal citation omitted); **see also** Pa.R.Crim.P. 907(1). We review a PCRA court's decision to dismiss a petition without a hearing under an abuse of discretion standard. **See Commonwealth v. Brown**, 196 A.3d 130, 192-93 (Pa. 2018) (internal citation omitted).

Umstead contends that the PCRA court judge was not a "certified drug and alcohol counselor," a "substance abuse professional," or a "professional diagnostician and clinician." Umstead's Brief at 18. He thus argues the PCRA court should not have dismissed his petition without an evidentiary hearing to

"hear what the expert had to say," so it could have made an "informed decision" about the merits of his ineffectiveness claim. *Id*. at 20.

The PCRA court determined an evidentiary hearing was unwarranted because there were no genuine issues of material fact. As explained above, the PCRA court reviewed the expert report and concluded there was no information contained in the report of which it was not already aware. On this basis, the PCRA court concluded Umstead failed to raise any genuine issue of material fact that required an evidentiary hearing. We discern no abuse of discretion by the PCRA court in determining that dismissal of the petition was warranted without an evidentiary hearing. For this reason, Umstead's second issue merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/2022