J-S16039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENNETH FAIXMEL | : | |
| | : | |
| Appellant | : | No. 1325 EDA 2022 |

Appeal from the PCRA Order Entered May 10, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003721-2018

BEFORE:    DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED NOVEMBER 7, 2023**

Kenneth Faixmel[1] (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his timely-filed, first Post Conviction Relief Act[2] (PCRA) petition.  He seeks relief from the judgment of sentence of 16 to 40 years' imprisonment, imposed following his guilty pleas to conspiracy and robbery,[3] both felonies of the first degree.  Appellant argues the PCRA court erred in denying relief on his claims that plea counsel was ineffective for: (1) not filing a post-sentence motion; (2) not preserving a challenge to the voluntariness of his plea; and (3) not preserving a challenge

_____

[1] Appellant's legal name is Rashawn Spann.  N.T. Guilty Plea, 11/5/18, at 8.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. §§ 903, 3701(a)(1)(i).

to the trial court's denial of his request to plead guilty before the judge, but have his sentencing transferred to another judge, who was supervising him on an unrelated probation. Appellant further contends the PCRA court erred in not conducting an evidentiary hearing. We affirm.

## I. Facts & Guilty Plea

At the plea hearing, the Commonwealth recited the following summary of facts:

> [O]n March 4[,] 2018 at approximately 5:40 a.m., the complainant . . . was walking . . . on the 1300 block of Lombard Street in the [C]ity . . . of Philadelphia.
>
> The codefendant, Archie Swinson, grabbed the complainant by the neck and took her into an alley at South Watts Street[. Co-defendant] punched the complainant[,] strangled her, [and] forced her to the ground.
>
> While [Co-defendant] had the complainant on the ground, [Appellant] came up Watts Street and ripped the backpack from her back, took her cell phone out of her hand and took her valuables out of her backpack. [Appellant then walked away while Co-defendant] continued to physically assault the complainant and attempted to take off her pants[. Co-defendant] ultimately forced the complainant to perform oral sex on him.
>
> 6th District police officers recovered surveillance video in the area and identified [Appellant] as the individual who had robbed the complainant.
>
> In a post-***Miranda***[4] statement, [Appellant] admitted his involvement in this crime and assisted police in identifying the codefendant who he has known for several years.

---

[4] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

N.T., 11/5/18, at 23-24. "[T]he complainant had serious injuries . . . and received five staples in the back of her head." *Id.* at 25.

Appellant was charged with numerous crimes, including robbery, conspiracy, attempted rape, sexual assault, aggravated assault, and strangulation.

Appellant's case proceeded, along with Co-defendant's criminal charges, to a joint jury trial scheduled for November 5, 2018. On that day, however, just before jury *voir dire* was to begin, Appellant's attorney, Debra Rainey, Esquire (Plea Counsel), advised the trial court the parties had entered into an open plea agreement. Appellant would plead guilty to robbery and conspiracy to commit robbery and agree to testify against Co-defendant at his trial, and in exchange, the Commonwealth would withdraw the remaining charges. *See* N.T., 11/5/18, at 13, 16.

Plea Counsel then requested, under Pa.R.Crim.P. 701, that Appellant plead guilty before the trial court, but have his sentencing transferred to another trial judge, who was supervising Appellant's unrelated probation.[5]

_____

[5] *See* Pa.R.Crim.P. 701(A) ("Before the imposition of sentence, the defendant may plead guilty to other offenses that the defendant committed within the jurisdiction of the sentencing court."), (B) ("When such pleas are accepted, the court shall sentence the defendant for all the offenses."). *See also* Pa.R.Crim.P. 708(C)(1)-(2) (before the imposition of a probation violation sentence, "the defendant may plead guilty to other offenses . . . committed within the jurisdiction of the sentencing court[,]" and if "such pleas are accepted, the court shall sentence the defendant for all the offenses").

N.T., 11/5/18, at 8. The trial court denied the request, reasoning: (1) Rule 701 permits a defendant to plead before **and** be sentenced by the **same** judge; and, in any event (2) the request to transfer was untimely, as it was made on the date scheduled for trial. *See id.* at 9, 11.

Appellant entered guilty pleas to robbery and conspiracy to commit robbery.[6] Pertinently, the trial court twice verified both counts were graded as felonies of the first degree. N.T., 11/5/18, at 13, 15.

## II. Sentencing & Direct Appeal

The trial court conducted a sentencing hearing on February 22, 2019.[7] Plea Counsel acknowledged that Appellant pleaded guilty to both offenses as felonies of the first degree, but insisted the grading of an offense could be re-argued at sentencing. N.T., 2/22/19, at 8, 10, 13, 16-17, 20. To this end, Plea Counsel argued Appellant merely "snatch[ed]" the complainant's backpack while Co-defendant was the individual assaulting her, and Appellant did not cause any of the complainant's injuries. *See id.* at 8, 21. Both the trial court and Commonwealth responded Appellant was bound to the grading

---

[6] We note the certified record does not include the written plea colloquy.

[7] The sentencing hearing indicates Co-defendant was sentenced two weeks earlier. N.T. Sentencing, 2/22/19, at 28. The complainant appeared for both sentencing hearings, but felt emotional and distraught and did not give a victim impact statement. *Id.* at 28-29.

of the offenses to which he pleaded, and the court denied any amendment to the grading. *Id.* at 9-12, 21-22.

Appellant had a prior record score of five, the offense gravity score (OGS) for robbery was 12, and the OGS for conspiracy was 11. N.T., 2/22/19, at 7. The standard guideline range for the robbery count was seven to 8½ years, and for conspiracy six to 7½ years. *Id.* at 7-8.

The Commonwealth requested a sentence of seven to 14 years for robbery, with a consecutive six to 12 years for conspiracy, for an aggregate term of 13 to 26 years. N.T., 2/22/19, at 36.

Plea Counsel argued for mitigated range-sentences, of four to eight years for each count, with a probationary tail.[8] N.T., 2/22/19, at 27. She reiterated Appellant merely robbed the complainant of her belongings, and he was not aware until after the incident that she was sexually assaulted. *Id.* at 22-24. Plea Counsel also cited Appellant's: having bipolar disorder, but never having received treatment; more than 20 years' addiction to crack cocaine; and admission of guilt and cooperation with the authorities. *Id.* at 23-24, 27.

The trial court stated it reviewed the presentence investigation report (PSI) and mental health assessment. N.T., 2/22/19, at 39. The court considered Appellant's difficult upbringing, which included his mother's

---

[8] Plea Counsel did not indicate whether the sentences should run concurrently or consecutively. *See* N.T., 2/22/19, at 27-28.

substance abuse issues and his being placed with an aunt. *Id.* at 40. The court also considered Appellant's cooperation with the authorities, but noted he received mitigation, in that the Commonwealth reduced his numerous charges to two. *Id.* at 39. The court rejected Appellant's claim that he "had no idea that extreme harm was [inflicted on the] complainant," where, "in the midst of" the sexual and physical abuse against her, Appellant took her belongings. *Id.* at 40. The court found his conduct "helped harm" the complainant, and the "extreme impact" on her cannot be ignored. *Id.* at 47, 51. The court also recounted in detail Appellant's extensive criminal history, which included: four adjudications of delinquency; 37 adult arrests; 21 convictions; 18 commitments; 34 violations of probation or parole, six of which were pending; and 23 revocation sentences. *Id.* at 42-43. These convictions included aggravated assault, simple assault, and robbery, which indicate "assaultive behavior." *Id.* at 48. The court noted Appellant also had convictions in Florida and New York. *Id.* at 43.

Ultimately, the trial court imposed two terms of eight to 20 years' imprisonment, to run consecutively, for an aggregate sentence of 16 to 40 years.[9] At the conclusion of the sentencing hearing, Appellant requested a post-sentence motion be filed, but Plea Counsel did not file one.

_____

[9] We note Appellant's minimum sentence for conspiracy, eight years, was above the standard guideline range of six to 7½ years. *See* N.T., 2/22/19, at
*(Footnote Continued Next Page)*

Appellant took a timely appeal, challenging, *inter alia*, the trial court's denial of his request for sentencing be transferred to another trial judge. This Court denied relief, and affirmed the judgment of sentence on March 26, 2021. **Commonwealth v. Faixmel**, 899 EDA 2019 (unpub. memo.) (Pa. Super. Mar. 26, 2021). Appellant did not seek allowance of appeal from the Pennsylvania Supreme Court.

### III. PCRA Petition

On April 14, 2021, Appellant filed a timely PCRA petition. Present counsel, Peter Levin, Esquire, was appointed. On December 14th, he filed an amended PCRA petition, alleging ineffective assistance of Plea Counsel for failing to: (1) file a motion for reconsideration of sentence; (2) object to the voluntariness of Appellant's plea; and (3) preserving issues for direct appeal.

The PCRA court, which had also presided over Appellant's guilty plea and sentencing, issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Neither Appellant nor his counsel filed a response. On May 10, 2022, the court issued the underlying order dismissing the petition. Appellant timely appealed.[10]

---

7-8. However, Appellant has raised no challenge, in his PCRA petition or on appeal, to this aspect of his conspiracy sentence.

[10] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

## IV. Statement of Questions Involved

Appellant presents the following issues for our review:[11]

[I.]  Whether the PCRA court was in error in not granting relief on the issue that counsel was ineffective for the following reasons?

A.  Trial counsel was ineffective for failing to file a post sentence motion to reconsider sentence.

B.  Trial counsel was ineffective for failing to object to the voluntariness of Appellant's guilty plea and failing to file a motion to withdraw Appellant's guilty plea.

C.  Trial counsel was ineffective for failing to make contemporaneous objections and timely motions which has deprived appellate counsel's ability to raise issues on appeal and resulted in waiver.

[II.]  Whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition?

Appellant's Brief at 7.

## V. Standard of Review & General Law on Ineffectiveness Claims

"[W]e review a denial of PCRA relief to determine whether the findings

of the PCRA court are supported by the record and free of legal error."

***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017)

(citation omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner

must demonstrate: (1) the underlying claim is of arguable merit; (2) . . . counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of

_____

[11] We have reordered the issues for ease of discussion.

- 8 -

counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

**Orlando**, 156 A.3d at 1280-81 (citations omitted).

## VI. Alleged Ineffectiveness for not Filing a Post Sentence Motion

In his first issue, Appellant avers the PCRA court erred in denying relief on his claim that Plea Counsel was ineffective for not filing a motion to reconsider the sentence. Appellant's Brief at 17. Appellant emphasizes that at the sentencing hearing, he requested a post-sentence motion be filed on his behalf, but Plea Counsel failed to file one. Appellant maintains "a reasonable judge" would have granted sentencing relief, where, allegedly: (1) there were "factors that should have held more deference in the sentencing determination[;]" (2) the sentences imposed were greater than what the Commonwealth requested; (3) the trial court imposed the maximum allowable sentences; (4) the offense gravity score "should have been a 7 or 8 rather than 12," but Plea Counsel erroneously argued it should have been 6, and this "prevented Appellant from being afforded any mitigation in his sentence;" and (5) the trial court "was prejudiced by [C]o-defendant's actions," where Appellant took no part in the sexual assault and "did not even know that it happened." **Id.** at 17-18. We determine no relief is due.

With respect to a claim that counsel was ineffective in failing to challenge the discretionary aspects of a sentence, this Court has stated:

> [I]f the PCRA court can determine from the record that the sentence was not excessive, or that adequate reasons were placed on the record for exceeding the sentencing guidelines, then there is no underlying merit to the ineffectiveness claim and the claim must fail.
>
> Moreover, [the questions of] whether the sentence is manifestly excessive or whether adequate reasons were placed on the record for exceeding the guidelines . . . are determined, as matters of law, upon a review of the record as it already exists.

*Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (paragraph break added). Additionally, "where the trial court is apprised by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Id.* at 908.

First, with respect to Appellant's claim that certain "factors . . . should have held more deference," he does not explain what these factors were, nor present any relevant discussion. *See* Appellant's Brief at 17. Similarly, Appellant provides no support or discussion for his bald claim that his OGS — he does not explain for which offense — "should have been a 7 or 8." *See id.* at 18. Given the lack of any analysis, no relief is due on either argument. *See also* Pa.R.A.P. 2119(a) (argument shall include "such discussion and citation of authorities as are deemed pertinent").

With respect to Appellant's remaining arguments, the PCRA court reasoned as follows. Appellant could not show he was prejudiced by the lack of a post-sentence motion, where the trial court "unequivocally" "illuminated" and weighed all relevant sentencing factors, and thus there is no indication

any motion would have been successful. PCRA Ct. Op., 8/10/22, at 10-11. Although the Commonwealth had requested a lower sentence than what was ultimately imposed, such a fact does not, in itself, merit relief, and the decision to impose a greater or lesser sentence was soundly within the court's discretion. *Id.* at 11. The PCRA court also rejected Appellant's argument, that his sentence was excessive in light of his cooperation with the authorities and admission of guilt. *Id.* at 11-12. The court reasoned that "[t]he entire circumstances" of the incident supported the sentence imposed; the court again cited the "extreme impact" on the complainant and her suffering a "brutal beating, robbery, and rape from the concerted actions of both men." *Id.* at 12. The PCRA court concluded it had thoroughly examined all relevant factors and stated its reasons for the sentence. We agree.

As the trial court reviewed the PSI, we presume it was aware of all appropriate sentencing factors. *See Jones*, 942 A.2d at 908. Plea Counsel cited Appellant's untreated bipolar disorder and more than 20 year-long addiction to crack cocaine, and the court did consider his childhood use of alcohol and marijuana, adult use of cocaine and PCP, and prior substance abuse treatment. N.T., 2/22/19, at 23-24, 27, 41. We note that on appeal, Appellant ignores the trial court's consideration of his prior criminal record, which included: 21 total adult convictions; 34 violations of probation or parole; and 23 revocation sentences. *See id.* at 43, 48. While Appellant argued his record did not include any violent offenses, the trial court corrected him, citing

his past convictions of aggravated assault, simple assault, and other robberies. *Id.* at 47-48. The court considered the "extreme impact" on the victim and Appellant's "prospects of future behavior and recidivism." *Id.* at 47, 51. Additionally, the court rejected Appellant's claim that he merely took the complainant's belongings and was not aware of the sexual assault, where he took the items from the complainant while Co-defendant physically and sexually assaulted her. *See id.* at 40.

In light of all the foregoing, we find no error in the PCRA court's conclusion that Appellant would not have prevailed on a motion to reconsider his sentence. *See Orlando*, 156 A.3d at 1280; *Jones*, 942 A.2d at 906; PCRA Ct. Op. at 11. We agree the underlying claim has no merit and Appellant was not prejudiced by Plea Counsel's conduct. *See Orlando*, 156 A.3d at 1280-81.

### VII. Alleged Ineffectiveness for not Challenging Plea

In Appellant's second issue, he asserts Plea Counsel was ineffective for failing to properly preserve a challenge to the entry of his plea. Appellant's Brief at 19. Appellant contends his plea was not voluntary because Plea Counsel had erroneously advised, despite his plea to **first** degree felonies, that counsel could argue for a lower grading at sentencing, and ultimately, he would be sentenced on **third** degree felonies. Appellant points out that on direct appeal, this Court found Plea Counsel did not preserve a challenge to

the voluntariness of his plea.[12]   He maintains: he did not have a full understanding of the consequences of his plea; the trial court likely would have permitted him to proceed to a jury trial, where he likely would have been acquitted by the jury; and he was innocent of the charges.  Appellant's Brief at 20-22.

We note: "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea."  **Orlando**, 156 A.3d at 1281 (citation omitted).  "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."  **Id.** at 1280 (citations omitted).  Furthermore, we note:

> "[A] defendant is bound by the statements which he makes during his plea colloquy."  As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea.

**Id.** at 1281 (citations omitted).

The PCRA court found the record contradicted Appellant's claim that Plea Counsel advised it was possible to re-argue the grading of the offenses at

---

[12] At the sentencing hearing, the trial court indicated it would not hear argument as to amending the grading of the offenses.  **See** N.T., 2/22/19, at 10.  Plea Counsel remarked, "If you're not going to agree to that, we withdraw the plea."  **Id.**  On direct appeal, the Superior Court determined this "threat to withdraw [the] plea" was not a sufficient, specific objection and thus the challenge the voluntariness of his plea was not preserved.  **Faixmel**, 899 EDA 2019 at 7 n.6.

sentencing. PCRA Ct. Op. at 13. The trial court "repeatedly informed Appellant in the presence of his counsel of the first-degree felonies to which [he] was pleading guilty during the oral colloquy[.] This understanding and agreement had been acknowledged orally by Appellant and his counsel during the colloquy and upon his execution of the written colloquy form[.]" **Id.** The record supports this conclusion. **See Orlando**, 156 A.3d at 1280.

At the plea hearing, the trial court twice verified that both the robbery and conspiracy counts were graded as felonies of the first degree:

> [Commonwealth:] It is Count 2, criminal conspiracy, and count five, robbery, as a felony of the first degree. Both. And the conspiracy is to commit robbery, and also a felony of the first degree.
>
> *    *    *
>
> THE COURT: They're both F1s? They remain F1s?
>
> [Commonwealth:] Yes.

N.T., 11/5/18, at 13. Shortly thereafter, the trial court reiterated:

> [Appellant,] I have a written guilty plea colloquy form before me. This form reflects that you intend to plead guilty to two counts of bills of information ending in 3721 of 2018, those two counts being Count 2, conspiracy to commit robbery graded as a felony of the first degree, and Count 5, robbery graded as a felony of the first degree.

**Id.** at 15. In his oral colloquy, Appellant confirmed that no one promised him anything in connection with his plea.[13] **Id.** at 19. In addition, Appellant

---

[13] We note the certified record does not include the written plea colloquy.

admitted his participation in the crime, by robbing the complainant of her belongings, and he cannot now claim he was innocent of the charges. **See Orlando**, 156 A.3d at 1281.

In light of the foregoing, even if Plea Counsel had properly preserved a challenge to the voluntariness of the plea or filed a motion to withdraw the plea, Appellant cannot show the underlying claim has merit. **See Orlando**, 156 A.3d at 1280-81. Accordingly, no relief is due on this issue.

### VII. Alleged Ineffectiveness for Rule 701 Issue

In his third issue, Appellant alleges Plea Counsel was ineffective for failing to preserve a direct appeal challenge to his Rule 701 and 708 issue — where Appellant had requested to "consolidate" this case with his other cases before another trial judge. **See** Appellant's Brief at 23.

The PCRA court properly reasoned the underlying issue would have been waived, as the entry of a guilty plea waives any disputes to pre-trial proceedings. **See Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018) ("Generally, 'upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]'") (citation omitted); PCRA Ct. Op. at 17. We do not disturb the denial relief on this issue.

## VIII. Lack of Evidentiary Hearing

In his final issue, Appellant asserts the PCRA court erred in not conducting an evidentiary hearing on his PCRA petition. Appellant's Brief at 15. Appellant properly cites relevant law, but his sole argument is as follows: in the Commonwealth's motion to dismiss his PCRA petition, the Commonwealth stated it did not object to an evidentiary hearing. *Id.* at 16. No relief is due.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Jones*, 942 A.2d at 906. The PCRA court properly concluded that because it could determine, without an evidentiary hearing, that one of the prongs for each of Appellant's ineffectiveness claims could not be established, no purpose would be advanced by holding such a hearing. *See id.*

## IX. Conclusion

In sum, we conclude the PCRA court err did not err in denying Appellant's various allegations of ineffective assistance of Plea counsel, nor in dismissing his petition without a hearing. For the foregoing reasons, we affirm the May 10, 2022, order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/7/2023